Argued December 17, 1926, reversed February 23, 1927.

# ELMER W. DEETZ *v.* COBBS & MITCHELL CO.

(253 Pac. 542.)

**Limitation of Actions—Action for Damages to Personalty on Negligently Flooded Land Held Governed by Six, not Two, Years' Statute, "Especially Enumerated" (Or. L., § 6, subd. 4; § 8, subd. 1).**

1. Action for damages to personal property on lands flooded because of opening of defendant's dam *held* "especially enumerated" in Section 6, subdivision 4, Or. L., and hence not barred before six years by Section 8, subdivision 1, requiring that action, not arising on contract nor especially enumerated, for injury to one's person or rights, be brought within two years.

**Limitation of Actions—Any Actionable Act, Except Personal Injury or Breach of Contract, Depriving Owner of or Damaging Personal Property, is "Injury to Personal Property," Within Six Years' Statute (Or. L., § 6, subd. 4).**

2. Any actionable act, other than personal injury or breach of contract, whereby owner of personal property is deprived of its benefit or it is damaged or destroyed, is an injury to personal property within six years' statute of limitations (Or. L., § 6, subd. 4).

**Statutes—Clear and Unambiguous Statute must be Given Meaning Plainly Expressed.**

3. When language is clear and unambiguous it must be *held* to mean what it plainly expresses.

---

3. See 25 R. C. L. 962.

Damages—Damages to Personalty on Land Flooded by Release of
   Water from Dam Held Direct, not Consequential—"Proximate
   Cause."

4. Damages to personal property on land flooded by release of
water from dam *held* direct, not consequential, though some time
was required for released waters to flow to place of injury;
"proximate cause" meaning closeness of causal relation, not near-
ness in time or distance.

Damages—"Consequential Damages" Follow Naturally, but In-
   directly, from Wrong Act.

5. "Consequential damages" are those that follow naturally,
but indirectly, from a wrong act.

---

Actions, 1 C. J., p. 1003, n. 15.
Consequential Injury, 12 C. J., p. 521, n. 15.
Damages, 17 C. J., p. 711, n. 30.
Limitations of Actions, 37 C. J., p. 779, n. 33, p. 798, n. 4,
Negligence, 29 Cyc., p. 491, n. 43, 45.
Statutes, 36 Cyc., p. 1115, n. 97, 98.

From Lincoln: GEORGE F. SKIPWORTH, Judge.

In Banc.

This is an action for damages to personal property.
The plaintiff alleged in the complaint in substance as
follows:

Plaintiff was the owner of certain personal prop-
erty located on lands owned by Leonard Mowry along
and bordering the Siletz River. The defendant oper-
ated a large sawmill near the headwaters of the
Siletz River and in connection therewith had con-
structed and used a large dam for the purpose of
storing a large body of water to handle its sawlogs.
On the 21st of November, 1921, while the waters of
the river were high, defendant negligently opened the
gates of its dam permitting the water in its pond to
rush down the river in a tremendous quantity, thereby
overflowing the banks of the river, and the lands
occupied by the plaintiff and washing away, damaging

---

4.   See 22 R. C. L. 127.
5.   See 8 R. C. L. 430.

and destroying certain personal property of plaintiffs, consisting of cows, hogs, hay and so forth.

The injury to plaintiff's personal property occurred on November 21, 1921. This action was commenced on November 17, 1924. The defendant demurred to the complaint on the ground that the action was not commenced within the time limited by the Code. The Circuit Court sustained the demurrer and plaintiff appealed.        REVERSED.

For appellant there was a brief over the name of *Mr. G. B. McCluskey*, with oral arguments by *Mr. Arthur Clarke* and *Mr. Oscar Hayter*.

For respondent there was a brief over the name of *Messrs. McCamant & Thompson*, with an oral argument by *Mr. W. Lair Thompson*.

BEAN, J.—1. Plaintiff contends that this action is covered by Section 6, subdivision 4, Or. L., which provides that actions at law shall only be commenced "Within six years, * * (4) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof." The trial court held, and the defendant contends, that the action was barred by Section 8, subdivision (1), which, in so far as material, reads thus:

"Within two years,—
"(1) an action for any injury to the person or rights of another, not arising on contract, and not herein especially enumerated * * "

The question for determination is whether the injury complained of is especially enumerated in Section 6, subdivision (4), Or. L., as an action for "injuring personal property." The action is specifically

described in this subdivision of Section 6 and we think it is covered thereby.

2. Any actionable act, other than a personal injury, or the breach of a contract, whereby the owner of personal property is deprived of the benefit of it or the property is damaged or destroyed, is an injury to personal property: 25 Cyc. 1049. The purpose of subdivision 4, Section 6, Or. L., was to include all actions for torts involving personal property.

It was so held under a statute practically the same as Section 6, subdivision (4), in *Lowe* v. *Ozmun*, 137 Cal. 257, 259 (70 Pac. 87). The court there records the following language:

"The obvious purpose of this provision was to include all actions for torts involving personal property, and we do not think that this purpose can be obscured by invoking strict definitions of the particular words used, or by contrasting them with other words which might have been used, or by nice distinctions between the common-law actions of replevin, detinue, and trover. In cases of unlawful taking or detaining personal property the wronged party has usually the option of either bringing an action for its specific recovery or an action to recover its value,— that is, an action which at common law would have been replevin or detinue or trover. Section 338 looks to the wrong,—to the thing itself,—and not to the particular kind of action which may be used to obtain the remedy. This view was expressly declared in *Horton* v. *Jack*, [4 Cal. Unrep. 758], which is to be found reported in 37 Pacific Reporter, page 652."

Also in *Reese* v. *Qualtrough*, 48 Utah, 23 (156 Pac. 955, 14 A. L. R. 94), where the opinion is reflected in the syllabus which reads as follows:

"Fouling a stream to the injury of ponds in which fish are cultivated for market, by persons without title to the soil, is an injury to personal property

within the provision limiting the time for actions for injury to such property, and not unclassified as injuries to business within the provisions of the statute limiting the time for bringing unclassified actions."

*Irvine* v. *J. K. Lumber Co.*, 119 Wash. 158 (205 Pac. 424), was an action for destruction of fishing rights held to be personal property. It appears from the opinion that subdivision 2, Section 159, Rem. Code of Washington, provides for the commencement within three years of—

"An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof,. or for any other injury to the person or rights of another not hereinafter enumerated."

The Washington statute differs from ours, but the court held as follows:

"The case at bar clearly comes within the three-year statute relating to damages to personal property."

In *Missouri K. & T. Ry. Co.* v. *Wilcox*, 32 Okl. 51 (121 Pac. 656), a case somewhat in point, an action for damages for the wrongful killing of domestic animals was held to come within the provision of the statute as "an action for taking, detaining, or injuring personal property," and "an action for injury to the rights of another not arising on contract." It is contended by the learned counsel for defendant that "Section 6, Or. L., subd. (3) and (4), deals with the well-known common-law actions based upon direct entry upon or damage to property. Consequential damages are covered by Section 8."

It should be borne in mind that there was no damage to real property or question relating thereto involved in the present action. However, the statute of

limitations should be applied to questions relating to real estate need not be considered.

Distinctions between forms of action are abolished in this state. It would therefore seem that in the application of the statute of limitations it should not be necessary to make a distinction between the different forms of action. In order to hold that this action is covered by Section 8, subdivision (1), we must find that the action is not for an injury "not herein (in Section 6, subdivision 4) especially enumerated."

Section 8 of our statute, like the statutes in most jurisdictions, contains a clause properly termed a residuary clause requiring that certain actions for relief not provided for, or "especially enumerated" in the other clauses or sections of the statute, must be commenced within the period designated in such clause. The application of the clause varies in different jurisdictions according to the paucity or the abundance of specific provisions which are excluded by the terms of the section: 37 C. J., § 147, p. 798.

If an action for injury to personal property was not especially enumerated in Section 6, subdivision 4, then it might well be held that such an action was covered by the provisions of Section 8, Or. L., subdivision (1).

Defendant relies upon the case of *Dalton* v. *Kelsey,* 58 Or. 244 (114 Pac. 464). That case did not involve an injury to personal property and we do not deem it to be in point.

It will be observed that in prescribing limitations affecting "personal property" the legislature dispenses with the common-law terms "trespass," "trover," "detinue" and "replevin," and substituted therefor broader and more comprehensive language when they employed the words "an action for taking, detaining

or injuring personal property, including an action for the specific recovery thereof.''

3. As quoted in 2 Lewis' Sutherland on Statutory Construction, 702, Section 367, ''there is no safer or better settled canon of interpretation than that when language is clear and unambiguous it must be held to mean what it plainly expresses.''

4. Assuming that it is necessary to determine whether the damages were consequential or direct, we notice it is strenuously argued in behalf of defendant that according to the allegations of the complaint there was no direct or immediate damage to plaintiff's chattels. The distance between the defendant's dam and the location of plaintiff's personal property is great, and necessarily it would take some time for the released waters, complained of, to flow down to the place where the injury is alleged to have been done. The injury occurred during the progress of the act. We find it stated in 22 R. C. L., Section 14, page 127, thus:

''It seems to be very generally agreed that 'proximate cause' has no necessary connection with time or distance. It means closeness of causal relation, not nearness in time or distance.''

It is stated in the brief of the learned counsel for defendant, ''there was an intervening agency and the action could be nothing but on the case.'' The ''intervening agency'' is not pointed out, and we fail to find any such agency indicated by the language of the complaint.

5. If a man sends a bullet from a rifle and hits another's cow, it would seem that the injury would be direct. If a person wrongfully sends a large quantity of water down a canyon and hits and drowns a

man's cows and other livestock, we fail to see that the damages would be consequential. "Consequential damages are those that follow naturally but indirectly from a wrong act." 2 Words & Phrases, p. 1442.

In 17 C. J., page 711, Section 8, it is said:

"Consequential damages are such as are not produced without the concurrence of some other event attributal to the same origin or cause."

We take the following from a note in 12 C. J., page 521:

"There is no better illustration of the distinction than the familiar case, commonly put, of throwing a log into the highway, which in its flight or fall, hits or strikes a person; there the injury is immediate, and the remedy may be trespass; but if, after it has fallen and while lying on the ground, a passenger stumbles over it and is hurt, the injury is consequential, and the remedy must be case."

The trial court erred in sustaining the demurrer to the complaint. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

McBRIDE and BELT, JJ., not sitting.