## STATE HIGHWAY COMMISSION v. SMITH.

No. 19601. Opinion Filed Oct. 28, 1930.

Rehearing Denied Dec. 23, 1930.

244

J. Berry King, Atty. Gen., for plaintiff in error.

Melton & Melton, for defendant in error.

ANDREWS, J. This case was commenced by the defendant in error filing a petition in the district court of Grady county alleging consequential damage to his land from the construction by the plaintiff in error of a public highway on adjoining land. After the freeholders had made their return, plaintiff in error filed its exceptions and included therein the statement that the petition of the plaintiff for appointment of the freeholders was insufficient in law to warrant and authorize the district judge of Grady county to appoint them and prayed the court to set aside, vacate, and hold for naught their report and to dismiss the petition. This was overruled by the trial court, and the appeal is from that order.

The plaintiff in error presents but one proposition: A landowner may not resort to condemnation proceedings to ascertain damages to his land caused by the construction of a highway upon the land of another.

A review of the authorities cited in 20 C. J., under the heading, "Eminent Domain," construing the various constitutional and legislative provisions, reveals that three conditions are presented: First, cases where private property is taken for public use; second, where a part of a tract is taken and the residue of the tract suffers a direct physical damage as a result of the taking of a part; and third, where a property, no part of which was taken for public use, sustains a consequential damage by reason of the making of a public improvement.

Under constitutional and statutory provisions prohibiting the taking of private property for public use, the courts uniformly hold that damages sustained from the actual taking of a portion of the property may be recovered. Almost all of the courts hold that where a part of the property is taken and the residue suffers direct physical damages as a result of the taking of a part, the damage to the residue constitutes a taking within the meaning of those provisions. Almost all of the courts formerly held that construction did not extend to property no part of which had been taken for public use but which had been consequentially damaged by reason of the making of a public improvement. The injustice of the last class of holdings was generally recognized and as a result thereof many of the constitutional and legislative provisions were changed so as to prohibit both the taking and the damaging of property for public use. Those changes were generally made prior to the adoption of the Constitution of Oklahoma, and we think that the inclusion in our Constitution of the prohibition against the taking or damaging of private property for public use was due to the opinion of its makers that the consequential damage resulting from public improvements on other land should be compensated. That has been the consistent holding of this court.

In Page v. Oklahoma City, 129 Okla. 28, 263 Pac. 448, the suit was for damages against the city caused by the discharge of sewage upon the premises and offensive odors arising therefrom. This court said:

"While her property was not taken out and out for public use, it was damaged by public use to the extent of rendering it comparatively worthless, and she is entitled to just compensation for the damages she sustained. This is plain under the Constitution and conclusive under the facts. She was therefore entitled to compensation for the damages she sustained by reason of the public use of her property."

In City of Tulsa v. Hindman, 128 Okla. 169, 261 Pac. 910, the action was for damages, and the court held:

"Where a city widens or opens a street for automobile and motor truck traffic to its entire width, thereby consuming all space theretofore assigned and set apart for sidewalks or footroads, it is liable to abutting property owners for any consequential damages resulting to such property. The damage is the depreciation in the market value of the property."

In Oklahoma City v. Vetter, 72 Okla. 196, 179 Pac. 473, a suit was brought against the city to recover damages sustained from a depreciation of the market value of certain city real estate, alleged to have been suitable for residential and home purposes, by reason of the erection on adjoining property of a pesthouse or hospital for the confinement and treatment of diseases. The question was whether the location of the pesthouse damaged the property in the sense in which the term is used in the Constitution. This court held:

"Depreciation of the value of real property caused by establishing a hospital for contagious diseases, commonly known as a pesthouse, on adjacent land, although under statutory authority, constitutes a damaging of private property for public use, for which compensation must be made, within the meaning of section 24, art. 2, of the Constitution"

—following the rule announced in City of Muskogee v. Hancock, 58 Okla. 1, 158 Pac. 622. In that case this court held:

"Under section 24, art. 2, of the Constitution, providing that 'private property shall not be taken or damaged for public use without just compensation,' a recovery may be had in all cases where private property is damaged in making an improvement that is public in its nature, such as a city sewer. It is not required that the damages shall be caused by trespass, or an actual physical invasion of the owner's real estate; but if the construction of the sewer is the cause of the damage, though consequential, the owner of the property damaged may recover"

—and that:

"The use of the words 'or damaged,' in addition to the word 'taken,' in the above section of the Constitution, indicates a deliberate purpose not to confine a recovery to cases where there is a physical invasion of the property affected, but to make the test of liability the fact that private property has been 'damaged' for the public use, without regard to the means by which the injury was effected."

If an action for damages could be maintained against the state, we would have no hesitancy in holding that actions to recover for consequential damages to private property from the making of public improvements could be maintained against the state. However, that issue is not here for determination. The only question presented by this record is whether or not the petition filed with the district court in this case gave that court jurisdiction to proceed with the appointment of freeholders to ascertain the amount of compensation.

The plaintiff in error relies upon the case of Edwards v. Thrash, 26 Okla. 472, 109 Pac. 832. The question there before this court was whether or not the construction of a public improvement could be enjoined until the abutting property owner was compensated for the consequential damages arising from the making of the improvement. This court held that an injunction would not lie. We think that section 24, art. 2, of the Constitution is capable of no other construction. While that section pertains to property taken or damaged, the provisions requiring compensation to be made prior to the construction of the improvements are limited by the terms of the section to those cases where the property is disturbed or the proprietary rights of the owner divested, and those provisions do not apply to consequential damages. In that opinion this court held that while consequential damages arising from the making of a public improvement may be recovered, failure to pay the same before the making of the improvement does not authorize the enjoining of the improvement.

This court in that case said that neither the eminent domain act, as brought over from the territory of Oklahoma, nor as amended by the Session Laws of 1907-08, article 1, ch. 20, provides for the assessment of consequential damages in a case for public improvements made by a municipality. That statement was not necessary to a determination of the issues presented therein and it is contrary to the subsequent holdings of this court.

In City of Tulsa v. Horwitz, 131 Okla. 63, 267 Pac. 852, the proceeding was for condemnation of property. The court there held:

"The elements of damages where private

property is taken or damaged for public use includes all damages or injuries arising from the exercise of the right of eminent domain which cause a diminution of the value of private property, whether this results directly to the property or is but an interference with the right which the owner has to the legal and proper use of the same."

In Edwards v. Thrash, supra, this court cited with approval a Missouri decision holding that where the property of a citizen is not taken and his proprietary right is not disturbed, but the damage to his property is purely consequential, he is not entitled to have the same ascertained and paid before the proposed public work is done, and is not entitled to have the proposed work enjoined. That was the basis of the decision of this court in that case. We are of the opinion that the case of Edwards v. Thrash, supra, is not an authority on the issues here presented. Here, there was no attempt to enjoin the making of a public improvement. The attempt here was to defeat a proceeding under the provisions of the Act of 1927 for ascertaining the consequential damages sustained through the construction of a public improvement.

Our Constitution provides that such compensation "* * * shall be ascertained by a board of commissioners of not less than three freeholders, **in such manner as may be prescribed by law.**" (Emphasis our own.) We are thus presented with the question of whether or not the Legislature of Oklahoma has prescribed a manner for ascertaining the consequential damage resulting from the construction of a public improvement.

The Constitution is clear and unambiguous in its provision that compensation for the taking or damaging of private property for public use "* * * shall be ascertained by a board of commissioners of not less than three freeholders, * * *" and that "the commissioners shall be selected from the regular jury list of names prepared and made as the Legislature shall provide." The Legislature has provided for a regular jury list of names (sections 3514-3516, C. O. S. 1921), and the freeholders in this case were selected by the district court of Grady county from that list.

Chapter 118, Session Laws of 1927, provides that whenever the construction of any state highway shall require that private property be taken or damaged, the State Highway Commission, in the name of the state, shall have the right to purchase the necessary land and, if compensation therefor cannot be agreed upon, that just compensation may be ascertained in the manner prescribed by law for the exercise of the right of eminent domain by railroad corporations in this state. The right to take or damage private property for public improvements is an attribute of sovereignty for the protection and welfare of the citizen and property owner and existed independent of the provisions of the 1927 Act. City of Tulsa v. Richmond, 123 Okla. 255, 253 Pac. 279. That act, however, is a legislative enactment providing the manner in which compensation for the taking or damaging of private property for public use by the State Highway Commission shall be ascertained.

This court is not here determining how the consequential damage ascertained by the freeholders is to be collected. While section 24, art. 2, supra, provides that the compensation under certain circumstances must be paid before the property shall be disturbed or the rights of the owner divested, it does not so provide as to consequential damages to adjacent property. The impracticability of determining the amount of consequential damages before the completion of the public improvement is sufficient reason therefor. This court discussed that rule in Edwards v. Thrash, supra, and held that consequential damage arising from the making of a public improvement was not required to be paid as a condition precedent to the making of the improvement and that failure to pay same did not constitute a ground for enjoining the making of a public improvement.

We, therefore, hold that under the provisions of chapter 118 of the Session Laws of 1927, section 5501, C. O. S. 1921, prescribes the manner by which the three freeholders provided for in section 24, art. 2, of the Constitution shall ascertain the compensation to be awarded for consequential damages to private property caused by the construction of a public highway by the State Highway Commission and the procedure to be followed by the freeholders and the court with reference thereto.

The petition attacked in this case and the procedure had thereunder conform to the provisions of the Constitution and the applicable statutes, and the judgment of the trial court to that effect is affirmed.

MASON, C. J., and CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. LESTER, V. C. J., and HUNT and RILEY, JJ., absent.