**WENTZ et al. v. POTTER.**

No. 21712.   Dec. 5, 1933.

Rehearing Denied Jan. 16, 1934.

J. Berry King, Atty. Gen., W. C. Lewis, Asst. Atty. Gen., for plaintiffs in error.

Erwin & Erwin, for defendant in error.

OSBORN, J. This action was filed in the district court of Lincoln county by Adda Potter against Lew H. Wentz, L. C. Hutson, and S. C. Boswell, as members, and Eugene Wheeler and Claud Smith, as employees, of the State Highway Commission of the state of Oklahoma, as an action for damages. Defendants interposed a demurrer to the petition on the ground that this is an action against the state, and the state had not consented to be sued. The demurrer was overruled by the trial court, and the defendants elected to stand on the demurrer. Judgment was thereupon rendered in favor of plaintiff against the defendants for the amount of damages alleged in the petition, in the sum of $485, from which judgment defendants appealed. The parties will be referred to as they appeared in the trial court.

The petition of plaintiff alleges that she has a preference right lease upon the N. W. ¼ of section 20, township 14 north, range 3 east, in Lincoln county; that defendants caused to be constructed a highway immediately adjacent to said land on the north, and in the construction thereof erected an earthen embankment covered with a concrete slab, which stopped natural drainage of water from said land; that defendants failed to provide sufficient opening to allow the water to escape, with the result that it backed upon said lands causing damage to plaintiff's crops to the amount of $285, and damage to her tile drainage system to the amount of $200.

It is not contended by plaintiff that defendants, in locating and constructing said road, were not acting in their official capacities as state officers and employees. It is noted that the action is purely a tort action for damages against the officials and employees of the state of Oklahoma. It is well settled that such an action is a suit against the state. In the case of Love v. Filtsch, 33 Okla. 131, 124 P. 30, it is said:

"Suits against officers of a state as representing the state in action and liability, and in which the state, although not a party to the record, is the real party against which relief is sought, and in which a judgment for plaintiff, although nominally against defendant as an individual, could operate to control the action of the state or subject it to liability, are suits against the state."

In the case of National Surety Co. v. State Banking Board, 49 Okla. 184, 152 P. 389, it is said:

"A sovereign state cannot be sued except by its consent granted by express legislative enactment."

See, also, State Banking Board v. Oklahoma Bankers Trust Co., 63 Okla. 260, 164 P. 660; State Banking Board v. Oklahoma Bankers Trust Co., 49 Okla. 72, 151 P. 566; Lankford v. Schroeder, 47 Okla. 279, 147 P. 1049; Lovett v. Lankford, 47 Okla. 12, 145 P. 767; Board of Commissioners v. Hancock, 96 Okla. 238, 221 P. 429; Whiteneck v. Board of Commissioners, 89 Okla. 52, 213 P. 865; Welker v. Annett, 44 Okla. 520, 145 P. 411; Carr v. State, 127 Ind. 204, 26 N. E. 778; Hans v. State of Louisiana, 134 U. S. 1, 33 L. Ed. 842; In re Ayers, 123 U. S. 443, 31 L. Ed. 216; Hampton v. State Board of Education of Florida (Fla.) 105 So. 323; State Highway Commission of Wyoming v. Utah Construction Co., 73 L. Ed (U. S.) 262.

Plaintiff contends herein that the state has given express permission by legislative enactment to file an action of this nature, and cites as authority therefor the case of State Highway Commission v. Smith, 146 Okla. 243, 293 P. 1002. An examination of said case discloses that it points out plaintiff's remedy herein, but that said remedy is not an action in tort for damages. Therein it is said:

"Under section 24, art. 2, of the Consti-

tution, providing that private property shall not be taken or damaged for public use without just compensation,' a recovery may be had in all cases where private property is damaged in making an improvement that is public in its nature. It is not required that the damages shall be caused by trespass, or an actual physical invasion of the owner's real estate; but if the construction is the cause of the damage, though consequential, the owner of the property damaged may recover.

"The use of the words 'or damaged' in addition to the word 'taken,' in section 24, art. 2, of the Constitution, indicates a deliberate purpose not to confine a recovery to cases where there is a physical invasion of the property affected, but to make the test of liability the fact that private property has been 'damaged,' for the public use, without regard to the means by which the injury was effected. * * *

"Under the provisions of chapter 118 of the Session Laws of 1927, section 5501, C. O. S. 1921 (sec. 11931, O. S. 1931), prescribes the manner by which the three freeholders provided for in section 24, art. 2, of the Constitution shall ascertain the compensation to be awarded for consequential damages to private property caused by the construction of a public highway by the State Highway Commission and the procedure to be followed by the freeholders and the court with reference thereto."

Section 11, chapter 48, S. L. 1923-24, as amended by chapter 118, S. L. 1927, has placed into effect section 11931, O. S. 1931 (5501, C. O. S. 1921), which grants to plaintiff herein the right to file a petition in the district court, requesting the appointment of three freeholders to act as commissioners to assess the damages which will be sustained by the construction of the public improvement. Section 11933, O. S. 1931, provides for a jury trial, and section 11934, O. S. 1931, provides for an appeal to this court. This is the procedure against the state to which the state has given its consent, which procedure provides ample redress for any wrong or damage suffered by plaintiff.

Since it appears from the record that other questions were reserved for determination by the trial court pending this appeal, the judgment of the trial court is reversed and the cause remanded, with directions to the trial court to take further proceedings not inconsistent with the views herein expressed.

RILEY. C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, and WELCH, JJ., concur. BAYLESS and BUSBY, JJ., absent.