SWEENEY et al. v. DIERSTEIN et al.

No. 23183.    Feb. 19, 1935.

J. Berry King, Atty. Gen., and W. C.

Lewis, Asst. Atty. Gen., for plaintiffs in error.

Herman S. Davis, for defendants in error.

PER CURIAM. The parties will be referred to herein as they appeared in the lower court; i. e., defendants in error will be referred to as plaintiffs and plaintiffs in error as defendants.

On May 13, 1931, plaintiffs began an action in the district court of Greer county against the defendants Dan Sweeney, C. P. Smith, and J. D. Jenkins, engineers of the State Highway Commission of the state of Oklahoma, by filing their petition alleging that said defendants, over their protest, went upon a tract of land of which they were owners, for the purpose of appropriating it to the use and benefit of the state of Oklahoma as a right of way for a part of State Highway No. 9, in violation of their rights for the reason that no compensation had been paid, awarded, or agreed upon for the tract, and sought to enjoin the defendants, their servants, agents, and employees from going upon the land until just compensation for the tract and consequential damages had been awarded. All three of said defendants, represented by the county attorney of Greer county, responded to said petition on May 16, 1931, stating that they were employees of the state of Oklahoma in the construction of State Highway No. 9 upon the tract of land described in plaintiffs' petition by virtue of an easement dated August 26, 1930, granted by plaintiffs, as husband and wife, to the state of Oklahoma, authorizing it to construct the highway thereon in consideration of the sum of $42.50; a copy of the easement was attached to the response; the easement states that it is perpetual for the purpose of enabling the state, its officers, agents, contractors, and employees to go upon, construct, build, and at all times maintain a public road through, along, and over the tract of land described.

Plaintiffs filed reply on May 18, 1931, admitting the execution of the easement, but alleging fraud on the part of the agents of the Highway Commission in its procurement.

On the same day the defendants Sweeney, Smith, and Jenkins, engineers of the Highway Commission, filed motion to dismiss the action on the grounds:

(1) That whereas the suit was brought against them as engineers of the Highway Department, the reply of plaintiffs revealed

that the action was in fact against the state of Oklahoma.

(2) That it was necessary that plaintiffs have the consent of the state of Oklahoma to bring suit against it and the state had not granted such consent.

(3) That plaintiffs had not alleged fraud on the part of these three defendants.

The motion to dismiss was heard by the court the day it was filed, the three defendant engineers appearing by the county attorney of Greer county, "acting for and on behalf of the Attorney General's office." The court overruled the motion of the three above-named defendants to dismiss, and entered a temporary restraining order against them, forbidding them from going upon the land in question on the execution by plaintiffs of a bond of $300, if it should be finally decided that such restraining order should not have been issued or granted. The plaintiffs furnished such bond on the 19th day of May, 1931.

On the 19th day of May, 1931, the court heard evidence of plaintiffs tending to sustain the allegations of their petition, and of the defendants tending to controvert them, including the easement executed by plaintiffs granting authority to the state of Oklahoma to construct the highway.

At the conclusion of the evidence, the court entered judgment that the easement was sufficient for the state to proceed with the work upon the land in question so as not to impede the public improvement, but that the easement was granted under a mistake of facts as to the amount of damages and injury done. The judgment also allowed the plaintiffs, over the objection of the county attorney, to amend their petition, making the State Highway Commission and the state of Oklahoma parties defendant in order to institute condemnation proceedings. The county attorney agreed that if the court were going to allow the plaintiffs to amend their petition, he would waive notice of the time and place of the appointment of commissioners to assess the damages.

Thereupon plaintiffs filed their amended petition against the three state engineers above mentioned and added as defendants the State Highway Commission and the state of Oklahoma, alleging therein the ownership in plaintiffs of the tract of land in question, and that the easement alleged by defendants to have been executed by plaintiffs was given under a mistake of facts and circumstances connected therewith. The commissioners to appraise the damage and injury were thereupon appointed and their report was filed the following day, May 20, 1931, finding the damages to be $250.

On May 20, 1931, the county attorney, acting for all the defendants, filed a special appearance and motion to dismiss the action on the grounds:

(1) That it was conclusively shown that the defendants Dan Sweeney, C. P. Smith, and J. D. Jenkins were acting as engineers of the Highway Department of the state and in no wise in an individual capacity.

(2) That the Highway Department and the state of Oklahoma could not be sued without consent, and that such consent had not been given.

(3) That there was no authority of law for the purported condemnation proceedings, and that the district court of Greer county was without jurisdiction of the matter.

Thereafter, and on the 6th day of July, 1931, plaintiffs filed application for a restraining order alleging the failure of the defendants to pay the amount of the assessed damages into court and the taking possession of the land in controversy in defiance of the order of the court. The court heard the evidence of the plaintiffs relative to their application on the day it was filed. Again the defendants were represented by Mr. Hollis Arnett, county attorney of Greer county. At the conclusion of the hearing, the court entered judgment enjoining the defendants, their agents, servants, and employees from using, maintaining, or going upon the tract of land in question.

Motion for new trial on behalf of the defendants was filed on July 6, 1931, by the county attorney, alleging, among others, the following errors of the trial court:

(1) Overruling the motion of the defendants Dan Sweeney, C. P. Smith, and J. D. Jenkins, to dismiss the action filed on May 18, 1931.

(2) Ordering the plaintiffs to amend their petition filed May 19, 1931, changing the character of the action and including new parties.

(3) Overruling the demurrer to the evidence of plaintiffs at the conclusion of their evidence.

(4) The finding of the court is contrary to the evidence.

(5) The finding of the court and the injunction granted are contrary to law.

On July 9th, the defendants, represented

by the county attorney, filed a supplemental motion for new trial, alleging the additional error that the court erred in overruling the special appearance and motion to dismiss filed by all the defendants on May 20, 1931, which motions were overruled on July 21, 1931. To this action of the trial court, defendants excepted, gave notice of appeal, and bring the case here for review.

At the threshold of this case we are met with the question whether the district court had jurisdiction of the real party defendant. It is contended by appellants and conceded by appellees that the only necessary party to the action is the State Highway Commission of Oklahoma. The real party defendant is the state of Oklahoma; but the state, by act of the Legislature, as will later be shown, has designated the Highway Commission as the agency of the executive branch of state government through which it may be sued in matters of this kind. It was the state of Oklahoma, acting by and through the Highway Commission, that was constructing the road in question. The defendants, Dan Sweeney, C. P. Smith, and J. D. Jenkins, engineers of the State Highway Commission, were merely agents and servants of the State Highway Commission.

In the case of Love v. Filtsch, 33 Okla. 131, 124 P. 30, this court said:

"Suits against officers of a state as representing the state in action and liability, and in which the state, although not a party to the record, is the real party against which relief is sought, and in which a judgment for plaintiff, although nominally against defendant as an individual, could operate to control the action of the state or subject it to liability, are suits against the state."

This doctrine was reiterated in the case of Wentz et al. v. Potter, 167 Okla. 154, 28 P. (2d) 562.

There was never any reason or legal authority for making the sovereign state of Oklahoma a party defendant. All issues involved in the case could have been settled by an action of the plaintiffs against the State Highway Commission. It was therefore not error for the trial court to allow plaintiffs to amend their petition by making the State Highway Commission a party defendant. Express authority for such emendation of the petition is given by section 251, O. S. 1931.

The case thus settles into an action of the plaintiffs against the State Highway Commission, its agents and employees, and, as stated above, we now come to the question as to whether the court had jurisdiction of the defendant. In determining this question, we must answer two other questions: (1) Can the Highway Commission be sued by an individual to ascertain the damages and injury he may suffer by the construction of a highway over his premises? (2) Can the Highway Commission be sued to cancel an easement for highway purposes on the ground of fraud or mutual mistake in its procurement? and (3) If the Highway Commission can be sued in either of these circumstances, has it been so sued in this case, and did the trial court obtain jurisdiction of it?

The first of these questions is answered in the affirmative. The Legislature has given the express consent of the state that its Highway Commission be sued to ascertain such damages and injuries in sections 10093 and 10094, O. S. 1931. Both these statutes refer to the provisions of law for the exercise of the right of eminent domain by railroad corporations in this state for the ascertainment of the compensation for, and acquirement of, property needed in the construction or location of a state highway or any part thereof, or in the obtaining of right of way therefor, and provide that such right of way shall be obtained in like manner. The sections of law referred to are 11928 to 11935, inclusive. The condemnation proceedings are applicable whether the property has already been taken for highway purposes or not.

The second question also must be answered in the affirmative. An easement obtained by fraud or mutual mistake is, in contemplation of law, no easement at all; and if the Highway Commission takes possession of property and begins the construction of a road on or over it by virtue of such easement, fraud, or mutual mistake in obtaining such easement may be pleaded against the Highway Commission in ascertaining the damages caused and the compensation due, in an action against it in condemnation proceedings. To hold otherwise would leave the property owner, who had actually been misled and imposed upon by agents of the Highway Commission, without a remedy.

Answering the third question, we are forced to the conclusion that the State Highway Commission has not been properly sued in this case, and that the trial court never obtained jurisdiction of it. Section 10085, O. S. 1931, reads as follows:

"When directed by the Governor or requested by the Commission in writing, the

Attorney General shall act as the legal advisor of the Commission, and shall appear for and assist the Commission in any proceedings in any of the courts of the state in which the state is a party."

No summons was served upon the State Highway Commission; nor did it or the Governor of the state request or direct the Attorney General to appear for it in this action. The Attorney General did not appear for the Commission, and the county attorney was without authority to do so. It may be contended that section 10092, O. S. 1931, authorizes and makes it the duty of the county attorney to appear for the Highway Commission, but an examination of this statute, together with the two following sections, 10093 and 10094, will reveal that section 10092 was enacted by the Legislature of 1923, while sections 10093 and 10094 were enacted by the Legislature of 1929. Both these latter sections omit the provision for the county attorney of the county where the right of way is situate to represent the state. They are in conflict with section 10092 in this particular, and therefore repeal that provision of section 10092.

It may be contended also that section 7617, O. S. 1931, empowers the county attorney to appear for the state in an action of this kind, but again it will be seen that sections 10085, 10093, and 10094 were enacted by the Legislature with special regard to the acquisition of rights of way for road purposes by the State Highway Commission. They are special statutes relating to a specific matter, while section 7617 is a general statute, and therefore prevail over it when in conflict with it. Citizens State Bank of Vici v. Gettig, 77 Okla. 48, 187 P. 217. Sections 419, 420, and 421, O. S. 1931, also govern the court in actions of this kind. They provide that the Attorney General or his assistant shall have ten days' notice in writing from the court clerk of the trial of actions against the state, and provide that judgment rendered against the state by default shall be void unless such notice be given. As stated above, the state has given its express consent to be sued in actions of this kind, but the laws giving such consent must be substantially followed. 36 Cyc. 913; State v. Appleton, 73 Kan. 160, 84 P. 753; Asbell v. State, 60 Kan. 51, 55 P. 338. The method of suing the state as outlined in sections 11928 to 11935 is exclusive. Wentz v. Potter, 167 Okla. 154, 28 P. (2d) 562. The county attorney did not have authority to appear for and bind the Highway Commission. The Attorney General does not have this authority until ordered by the Governor or requested by the Commission. The judgment therefore entered against the State Highway Commission was void, and the case will have to be remanded.

From a close perusal of the record, we have been unable to learn whether more of the plaintiffs' land was taken for highway purposes than was granted in the easement. For the guidance of the parties in any subsequent proceedings relative to this matter, we hold that if on proper petition therefor the court finds that the easement was in fact obtained by fraud and misrepresentation of the agents of the Highway Commission, or through mutual mistake, the compensation for the land taken and the damages to the adjacent property of plaintiffs may be ascertained as above outlined without regard to such easement. If, however, the court finds that the easement was not obtained by fraud or such mistake and takes no more land of the plaintiffs than is described in the easement, the consideration for the easement is the limit of the amount of recovery that may be awarded the plaintiffs. A valid easement procured by the State Highway Commission for highway purposes is taken in consideration, both of the value of the land taken and of the consequential damages to adjacent property of the grantors thereof, unless the Highway Commission make such use of the tract taken as could not reasonably have been contemplated and expected by the grantors of the easement, resulting in unanticipated injury to the adjacent property.

The judgment of the trial court is therefore reversed, with directions to dismiss the action so far as it pertains to the sovereign state of Oklahoma; and that such further proceedings be had between plaintiffs and the State Highway Commission as shall not be inconsistent herewith.

The Supreme Court acknowledges the aid of Attorneys W. B. Wall, W. L. Chase, and E. B. Arnold in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wall and approved by Mr. Chase and Mr. Arnold, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.