## STATE HIGHWAY COMMISSION v. ADAMS.

No. 26376. Dec. 1, 1936.

Mac Q. Williamson, Atty. Gen., Houston E. Hill, Asst. Atty. Gen., and L. V. Orton, Right-of-Way Attorney, for plaintiff in error.

Reily & Reily, for defendant in error.

WELCH, J. The essential facts in this case are quite similar to the facts in Hawks et al. v. Walsh, 177 Okla. 564, 61 P. (2d) 1109, and State Highway Commission v. Brixey, No. 25986, 178 Okla. 118, 61 P. (2d) 1114, decided by this court October 6, 1936. Here there were no former condemnation proceedings to determine the damage payment to the landowner plaintiff, but there was a right-of-way grant executed by plaintiff after agreement as to the damage. There was also a subsequent and additional right-of-way grant for the widening of the road, for which also the agreed damage was paid. The highway was constructed, and some years later the plaintiff, Adams, insti-

tuted this action to recover resulting or consequential damages, alleged to have been caused by flood water cast upon his land and injuring and damaging his crops and land, and all caused by or resulting from alleged faulty highway construction. There was no attempt to proceed by praecipe and issuance of summons, but instead the plaintiff attempted to proceed through the appointment of commissioners, as in the Walsh and Brixey Cases, above referred to.

The commissioners' report purported to assess the damage at $3,000. The state filed motion to dismiss and objections to the report of the commissioners, and motion to vacate the report, while the plaintiff sought confirmation of the report and judgment for the sum reported.

The trial court overruled defendant's motion and sustained plaintiff's motion and confirmed the report of the commissioners and rendered judgment against the defendant for the sum of $3,000 and costs. From this judgment this appeal is prosecuted.

The views expressed in the Walsh and Brixey Cases are applicable here, and the conclusion there reached is controlling here. And upon the authority of that decision we hold that this is a suit against the state which cannot be maintained.

Therefore, the judgment rendered in the trial court is reversed, and the cause remanded, with directions to dismiss.

OSBORN, V. C. J., and BAYLESS, BUSBY, and CORN, JJ., concur. GIBSON, J., concurs by reason of the binding effect of the rule of the Hawks and Brixey Cases. RILEY, J., dissents. McNEILL, C. J., and PHELPS, J., absent.