## POTTER v. STATE HIGHWAY COMMISSION et al.

No. 28107. Jan. 10, 1939.

P. D. Erwin, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Houston W. Reeves, Asst. Atty. Gen., and Claude Weaver, Jr., Right of Way Attorney, for defendants in error.

WELCH, V. C. J. In the trial court the plaintiff, Adda Potter, sought to recover alleged resulting or consequential damages claimed to have been caused by the faulty method and manner of construction of state highway improvements. It was contended that the highway construction adjacent to plaintiff's land had resulted in damage to plaintiff's land and crops.

Summons in regular form was issued to the defendants, the State Highway Commission and the individual members thereof, advising them that plaintiff had sued for such damages, and unless they answered, the plaintiff's petition would be taken as true and a judgment rendered accordingly. In addition the indorsement advised that commissioners would be appointed as in condemnation. Thereafter the trial judge appointed three commissioners with instructions, in effect, to determine whether plaintiff had sustained any damage to his crops or land in the years intervening between the highway construction and the filing of the suit, and whether plaintiff would sustain future damage, and if so, to determine and assess and appraise the amount thereof, both past and future.

In due time the commissioners reported in effect that they had carefully considered the consequential damages and injury which the plaintiff had sustained and may sustain, and they appraise and assess such damage at a substantial sum.

The defendants filed exceptions to that report, and the plaintiff filed a response. Thereafter no further action was taken for more than two years.

In the meantime this court had considered the right of a claimant to proceed against the state or the highway commission to re-

cover consequential damages by resort to the forms of a condemnation action. It was held that such an action, whatever it was called in form, was an action against the state for damages, and could not be maintained, for lack of consent on the part of the state to be sued therefor. See Hawks v. Walsh, 177 Okla. 564, 61 P.2d 1109, and State Highway Commission v. Brixey, 178 Okla. 118, 61 P.2d 1114. In each of those cases the trial court's judgment for plaintiff for such damages was reversed and a dismissal of the action ordered, for lack of right to maintain it. See, also, Oklahoma Gas & Electric Co. v. Miller, 173 Okla. 101, 46 P. 2d 570, where this court, speaking through Mr. Justice Gibson, said:

"The remedy for an injury to the land which is not a necessary incident to the construction and operation of the public service for which the land is taken but is due to willful or negligent construction or operation, is not such remedy as is given by the statutes relating to eminent domain. The landowner in such cases has a separate and distinct cause of action, such as trespass, and is not entitled to have such injuries considered in awarding damages under condemnation proceedings. 10 R. C. L. 225, paragraph 191."

Thereafter the trial court in the instant case, upon proper hearing, sustained the defendants' exceptions to the commissioners' report, and dismissed plaintiff's action. It is from that judgment and order that this appeal is prosecuted.

Our former decisions seem to fully sustain the trial court upon the view that one claiming damages against the state resulting from erroneous or faulty or negligent highway construction cannot resort to the forms of a condemnation action to maintain an unauthorized suit against the state for such damages.

But plaintiff urges that the right to so proceed is fixed by decision of this court on a former appeal involving the same subject matter. Wentz v. Potter, 167 Okla. 154, 28 P.2d 562. There this plaintiff sued the Highway Commission and members upon a portion of this same claim for consequential damages. Upon service of summons these defendants there demurred to the petition, stood on the demurrer when it was overruled, and the trial court rendered judgment for plaintiff. On that appeal the only question presented was whether the action for such damages could be maintained without consent of the state to be sued therefor. We answered that question in the negative. The plaintiff construes

certain other language of that opinion to authorize this character of action. However, the Attorney General here points out that any such language in our former opinion was clearly obiter dictum. And in so far as any such language might be construed as authorizing the maintenance of this character of action, the same was definitely superseded by the contrary holding in our subsequent decisions above cited, where the exact question was before us for necessary determination.

In the instant case, upon final hearing of the objections and exceptions to the report of the commissioners, the trial court concluded, from our several former opinions, that this action for the damages alleged could not be maintained by resort to the forms of a condemnation action, and ordered dismissal of plaintiff's cause. That judgment was in all respects correct. We deem it unnecessary to further discuss the question, thoroughly considered and clearly decided in the former cases. The judgment of the trial court is affirmed.

OSBORN, GIBSON, HURST, and DANNER, JJ., concur.