STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Plaintiff in Error,

v.

Kenneth L. GIBSON and Lorene Gibson, husband and wife; First National Bank and Trust Company, Tulsa, Oklahoma, Defendants in Error.

No. 37952.

Supreme Court of Oklahoma.

Sept. 16, 1958.

Finis O. Stewart, Max Cook, Oklahoma City, for plaintiff in error.

James G. Davidson, Tulsa, for defendants in erorr.

CORN, Vice Chief Justice.

■ The trial in condemnation proceedings in the District Court of Tulsa County resulted in a jury verdict in favor of the defendants, Kenneth L. Gibson and Lorene Gibson, husband and wife, and the First National Bank and Trust Company, Tulsa, Oklahoma, and against the plaintiff, State of Oklahoma ex rel. Department of Highways of the State of Oklahoma.

Motion for new trial was duly filed by the plaintiff. It was set for hearing on June 14, 1957. The attorneys for the plaintiff were not present in court on that date. The hearing was passed to June 21, 1957. It does not appear that plaintiff's attorneys were advised thereof. On that date the attorneys for the plaintiff were again not present. However, on that date the court entered its order overruling the motion for new trial.

By letter dated June 24, 1957, the attorney for the defendants advised the attorneys for the plaintiff that the motion for new trial had been overruled on June 21, 1957.

Thereafter, and on the 2nd day of July, 1957, the plaintiff filed an application to vacate the order overruling the motion for new trial.

When the application came on for hearing the trial court heard the evidence of the parties and entered its findings of fact.

The court found that on May 29, 1957, attorneys for both parties appeared in chambers and agreed that the motion for new trial should be heard on the 14th of June. The trial court denied plaintiff's application, and refused to vacate the order overruling motion for new trial entered June 21, 1957. Plaintiff appeals.

According to the trial court's findings, plaintiff's attorney agreed that the motion should be heard on June 14th. If he was unable to be present he should have advised the court and arranged for a hearing at a future date. By the same token it would seem to have been a matter of courtesy for the attorney for the defendants to have notified the attorneys for plaintiff that the hearing had been continued to June 21, 1957.

The term of court had expired before plaintiff filed its application to vacate the order of June 21, 1957. However, plaintiff takes the position that the action of the court was in effect the entering of a default judgment which could not have been done before first notifying, in writing, the attorneys for the plaintiff.

12 O.S.1951 Sec. 707, provides as follows:

"No order shall be made by any county, district or superior court in this State dismissing, for want of prosecution, any action now pending or hereafter filed, wherein the State of Oklahoma is an interested party and in which the Attorney General or any assistant Attorney General shall appear as attorney of record, for the State, nor shall any judgment by default against the State of Oklahoma be rendered by any such court in such action, unless proof is made (that Attorney General or assistant Attorney General appearing as counsel for the State, shall have been notified) in writing by registered mail, at least ten days prior to the date set for such trial or hearing that the action has been set for trial."

In Sweeney v. Dierstein, 170 Okl. 566, 41 P.2d 673, we held that a default judg-

**1056**

ment in reverse condemnation was invalid where notice of trial was not given to the Attorney General or his assistant.

█ In cases where no attorney has appeared on behalf of the State, the notice should be given to the Attorney General, but where as in the case at bar a state department has its own attorney who has made an appearance in the cause, the notice, if any is required, should be given to such attorney appearing of record.

Was notice required in the instant case?

█ A careful reading of the statute will disclose that it requires notice as a condition to the validity of (1) orders dismissing actions, wherein the State is plaintiff, for want of prosecution; and (2) default judgments rendered against the State.

No order of dismissal or default judgment was entered in this case. The sole purpose of and intent of the statute is to secure to the State a full and complete trial. That purpose had been accomplished in the instant case. The action had been fully tried to the jury.

The record indicates notice to the attorneys for the plaintiff of the overruling of the motion for new trial within time to proceed within the term. The term expired June 30, 1957, and the new term began Monday, July 1, 1957. 20 O.S.1951 Sec. 95. The plaintiff took action by filing an application to vacate the order overruling motion for new trial on July 2, 1957.

Though the statute does not by its terms expressly require notice of hearings such as that involved herein, it could be argued that the statute evinces a general policy relating to court proceedings in which the State is involved to the effect that the State's interests should not be concluded as to any phase of the litigation without first determining that such interests have been adequately protected. Assuming, without deciding, that such policy does exist, and as such would require notice of the hearing, it is clear that when the plaintiff's attorney *agreed* to hear the matter on the 14th of June, further notice was not necessary.

It is equally clear that when plaintiff failed to appear on that date it was not error to enter judgment overruling motion for new trial on that date or any date subsequent thereto.

Judgment affirmed.

DAVISON, HALLEY, JOHNSON, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., and WILLIAMS and BLACKBIRD, JJ., dissent.