·STATE of Oklahoma ex rel. OKLAHOMA
STATE HIGHWAY COMMISSION,
    ,    Plaintiff in Error,

v.

·H. A. ALFORD and Clara M. Alford, husband and wife, Defendants in Error.

No. 38403.

Supreme Court of Oklahoma.

Nov. 24, 1959.

Roland A. Walters, Jr., Oklahoma City, for plaintiff in error, State Highway Commission.

Bassman & Gordon and Jack E. Gordon, Claremore, for defendants in error.

BLACKBIRD, Justice.

This is an appeal on original record in reverse condemnation proceedings. Defendants in error instituted the action as plaintiffs, against plaintiff in error, as defendant. The parties will hereinafter be referred to as they appeared in the trial court.

According to the allegations of their petition, plaintiffs' cause of action was based, not upon any wrongful taking of their land, but upon consequential damages said to result from defendant's destruction of part of a two-lane paved highway extending along the west boundary of their land, after supplanting it with a new four-lane paved highway farther west of said land. Plaintiffs' damages were alleged to arise from interference with ingress and

egress to and from their land on the old two-lane highway.

After commissioners had been appointed and, in their report, had fixed plaintiffs' damages at $1,000, defendant filed its exceptions and objections to the report, averring, among other things, that the court was without jurisdiction in the action because it was against the State, which had never given its consent to such suit, or, in any manner waived its sovereign immunity thereto. In said pleading, the defendant prayed that the action be dismissed.

The trial court overruled said pleading and, from said ruling defendant has perfected the present appeal. In support of its position that the trial court erred, defendant cites the cases of State Highway Comm. v. Brixey, 178 Okl. 118, 61 P.2d 1114; Hawks v. Walsh, 177 Okl. 564, 61 P.2d 1109; and State Highway Comm. v. Adams, 178 Okl. 270, 62 P.2d 1013. Plaintiffs attempt to distinguish these cases from the present one and rely upon the earlier cases of Sweeney v. Dierstein, 170 Okl. 566, 41 P.2d 673; Morse v. Board of County Com'rs, 169 Okl. 600, 38 P.2d 945; and Wentz v. Potter, 167 Okl. 154, 28 P. 2d 562, citing State Highway Comm. v. Smith, 146 Okl. 243, 293 P. 1002. In Stedman v. State Highway Comm., 174 Okl. 308, 50 P.2d 657, 659, as in the present case, the defendant contended that said action for consequential damages could not be maintained because the "state had not consented to being sued." On appeal, this court, quoting from State Highway Comm. v. Smith, supra, held in accord therewith, and with other cases cited by plaintiffs, that such action could be maintained. However, the later cases of State Highway Comm. v. Brixey, and Hawks v. Walsh, both supra, expressly overruled the Stedman case and set the pattern since followed. In this connection, notice the discussion of the cases in the Annotations at 2 A.L.R.2d 677, 696–699. Plaintiffs attempt to distinguish this case from those two cases on the ground that, in them, the con-

struction of the highway, for which consequential damages were therein sought, had taken land from the defendants in error, the value of which had already been paid them through previous condemnation proceedings; while here none of plaintiffs' land was ever needed, or taken, for the new highway. This difference in facts might have some bearing if asserted in connection with res judicata, but there is no such issue in this case; and plaintiffs fail to demonstrate how such facts are related to the only issue involved here, namely: *May individuals use condemnation procedure to maintain an action solely for consequential damages against the State?* In all three of the foregoing cases cited by defendant, this court held [177 Okl. 564, 61 P.2d 1109] :

"When the state, through the highway commission, has properly acquired a right of way, and has constructed permanent highway improvements thereon, there is no authority of law for an abutting landowner, or the owner of the land over which the right of way was acquired, upon his claim of resulting or consequential damages, to sue the state and recover such damages by resorting to the procedure of appointing commissioners as in the case of condemnation proceedings authorized by section 24, article 2 of the Constitution, and sections 10093, 10094, 11931, and 11935, O.S.1931."

As the quoted rule is clearly determinative of the only issue presented in this appeal and it is contrary to the view apparently entertained by the trial court, said court's order and/or judgment is hereby reversed and this cause is remanded to said court with directions to sustain defendant's objections and exceptions to the Commissioners' Report, and dismiss the action, as therein prayed.

WILLIAMS, V. C. J., and WELCH, HALLEY, JACKSON and IRWIN, JJ., concur.

JOHNSON and BERRY, JJ., dissent.

BERRY, Justice (dissenting).

I am unable to agree with the majority opinion.

This appeal is from order of trial court denying plaintiff in error's exception and objection to the report of Commissioners appointed under 66 O.S.1951 § 53, in a reverse condemnation proceeding. In Consolidated Alfalfa Milling Co. v. Roberts, 40 Okl. 304, 137 P. 1179, we held in the first paragraph of the syllabus that "an order of the district court overruling a motion to dismiss is not reviewable in the Supreme Court until a final judgment has been rendered in the case." See also City of Eufaula v. Ahrens, 58 Okl. 180, 159 P. 327. The cited opinions are in keeping with the well-established rule that "An appeal does not lie to this court from an intermediate or interlocutory order made during the pendency of an action, which intermediate or interlocutory order leaves the parties to court to have the issues tried on the merits, unless the appeal sought to be taken comes within some one of the special orders from which an appeal is authorized by statute prior to final judgment in the main action." Page v. Sherman, Okl., 290 P.2d 132, and also Tex Baughman Const. Co., Inc. v. Lynch, Okl., 266 P.2d 461, and Western Auto Store v. Auto Parts & Equipment Co., Okl., 259 P.2d 535.

The law in this jurisdiction being as above stated, I am convinced that this appeal should be dismissed.

On the merits the majority states in substance that the Alfords seek to recover consequential damages; that this Court, beginning with Hawks v. Walsh, 177 Okl. 564, 61 P.2d 1109, 1111, has held that the State has not given its consent to be sued in cases where consequential damages alone are sought in connection with the exercise by the State of its power of eminent domain and for said reason the trial court erred in denying the State's motion to dismiss.

While it is not spelled out in any decision of this Court, the decisions of this Court appear to develop that if the State, in exercising its right of eminent domain, directly takes property of another it is deemed to have consented to suit by the owner of the property taken under art. 2, Sec. 24 of the Constitution to the effect that "Private property shall not be *taken* or damaged for public use without just compensation" and 66 O.S.1951 Sec. 57, providing in substance that the statutes pertaining to taking property by virtue of the power of eminent domain shall apply to the State. This is consistent with the general rule presently referred to. In the Hawks case, supra, it is stated that Walsh's action was "nothing more nor less than an action for consequential damages" (which was not maintainable against the State because) the State had originally proceeded with the highway construction without obtaining the right-of-way or without maintaining condemnation proceedings (if there had been a direct taking), then the landowner might have instituted the action which the State had failed to institute. In brief, this Court has only departed from the general rule to the effect "a constitutional prohibition against taking or damaging private property for public use without just compensation therefor is self-executing, even though the method of ascertaining such compensation is left for legislative determination. * * * neither consent to sue the state nor the creation of a remedy by legislative enactment is necessary to obtain relief for a violation of the constitutional provision," (16 C.J.S. Constitutional Law § 49, pp. 149 and 150) to the extent of holding that when the taking is indirect and "consequential damages" therefore result, the State *may* not be sued in the absence of its express consent.

In the instant case the Alfords contend that they are damaged because their right of "ingress and egress to and from (their property) had been materially injured; that they had been virtually placed in a cul de sac". In support of said conclusion the

Alfords point out that the old improved section-line highway which abuts their property was destroyed and barricaded a short distance north of their property; that they lost the right of ingress and egress to the north because the substitute highway built by the State to the new limited access highway near point of barricade was not usable; that the new limited access highway to the south of their property was caused to intersect the old section-line highway and since the new limited access highway was for north-bound traffic only, this tended to impair their right of ingress and egress to the south over the old highway.

It is settled law in this jurisdiction that the owner of property abutting a highway has an interest in the highway different from that of a member of the public who does not own land abutting upon the highway, and can, therefore, maintain an action against one who injures or destroys said right. In the second paragraph of the syllabus to Grand River Dam Authority v. Misenhimer, 195 Okl. 682, 161 P.2d 757, this was said:

"2. A property owner must show a special damage from the closing or obstruction of a road abutting his property different from that suffered by the general public; the rule is satisfied by proof that a main hard surface highway running along the entire south side of one's land is closed by inundation a short distance to the east and west of said land leaving as the only means of ingress and egress a much more circuitous and unimproved dirt road."

In Chicago, R. I. & P. Ry. Co. v. Hughes, 180 Okl. 604, 71 P.2d 693, we said in the first paragraph of the syllabus that the constitutional provision prohibiting the taking of private property for public use without just compensation "authorizes a recovery in a common-law action for damages, although there is no physical invasion of plaintiff's property, if he suffers a special injury, different in kind and not in degree from that suffered by the community in general." For a statement of the general rule to effect that "the owner of land abutting on a street or highway has a private right in such street or highway, distinct from that of the public, which cannot be taken or materially interfered without just compensation" see 29 C.J.S. Eminent Domain § 105, p. 910, and also see § 126c, p. 950 of same volume for statement to same general effect.

It is patent that the matter of tearing up the old section line to the north of the Alfords' property was a direct taking or destruction of the Alfords' right as an abutting property owner to ingress and egress over said highway. Was the damage that the Alfords sustained from this direct taking and destruction consequential? At 29 C.J.S. Eminent Domain § 111, p. 919, consequential damages are defined as follows:

"Consequential damages is the term applied to *damage to,* or the destruction of, property *not actually taken,* and they arise when property *is not actually taken* or entered but an injury to it occurs as the natural result of an act lawfully done by another * * *" (emphasis supplied)

No one will seriously argue that the Alfords' right of ingress and egress over the old section-line highway to the north of their property was not *actually taken* by the State destroying and barricading the highway.

At p. 814, Sec. 183, 18 Am.Jur. "Eminent Domain", it is said that "the devotion of the street to inconsistent uses is a taking of property."

In Deetz v. Cobbs & Mitchell Co., 120 Or. 600, 253 P. 542, 544, this comment is made relative to consequential damages:

"(5) If a man sends a bullet from a rifle and hits another's cow, it would seem that the injury would be direct. If a person wrongfully sends a large quantity of water down a canyon and hits and drowns a man's cows and other live stock, we fail to see that the damages would be consequential. 'Con-

sequential damages are those that follow naturally, but indirectly, from a wrong act.' [8A Words and Phrases, Consequential Damages].

"In 17 C.J., p. 711, § 8, it is said:

"'Consequential damages are such as are not produced without the concurrence of some other event attributable to the same origin or cause.'"

I am of the conviction that the facts presented by this case clearly serve to distinguish the case from Hawks v. Walsh, supra, and those cases which follow said case.

I am authorized to state that Justice JOHNSON concurs in the foregoing dissenting view.