542 P.2d 1405 (1975)
STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS, Petitioner,
v.
David COOK, Judge of the District Court In and For Oklahoma County, State of Oklahoma, Respondent.
No. 48126.
Supreme Court of Oklahoma.
November 4, 1975.
Rehearing Denied December 16, 1975.
Spencer W. Lynn, Atty., Legal Div., Dept. of Highways, Oklahoma City, for petitioner.
McClelland, Collins, Sheehan, Bailey, Bailey & Belt, Oklahoma City, for plaintiff Highland Hills Corp.
SIMMS, Justice:
Highland Hills Laymans Corporation, (Highland Hills) commenced an action in the trial court in the nature of reverse condemnation against the State of Oklahoma, ex rel. Department of Highways and the City of Oklahoma City.
The Department of Highways filed a special appearance and motion to dismiss for the reason there had been no physical *1406 taking of real property owned by Highland Hills and the amended petition filed in the case was nothing more than an action for damages for which the State is immune from suit, no waiver of sovereign immunity having been obtained.
The trial court overruled the motion to dismiss and the State of Oklahoma, ex rel. Department of Highways asked this Court to assume original jurisdiction and prays prohibition issue against Respondent District Judge from further proceeding in the cause.
The amended petition filed by plaintiff in the trial court, Highland Hills, alleged, inter alia, that there had been filed an application for a zoning change from "A" Single Family to "E" Local Commercial, for each of the four corners of the intersection of Northwest Highway and Grand Blvd. in Oklahoma City; that a committee of the Planning Commission of the City of Oklahoma City recommended a change in zoning only upon the Northeast corner of the Highway because the State Highway Department was "vitally interested" in the intersection; that the City of Oklahoma City required the developer to obtain State Highway Department approval of developer's plat; that the original denial of re-zoning stymied future development of the property; and that since the original denial of zoning, the Highway Department has made known to Highland Hills the Department's plans and specifications for highways and interchanges to be built in the area; that in November, 1974, the Highway Department caused to be published in an Oklahoma City newspaper, plans for future development of the interstate highway system, and more particularly, I-440 to run thru Highland Hills' land; that prior to the newspaper publication indicating the use of Highland Hills' land for I-440, Highland Hills had submitted to the Traffic Control Department of the City of Oklahoma City plans for driveways to permit exit and entrance form and to the property in question to adjoining streets and more particularly, access to Northwest Highway, which is a State highway; that the Oklahoma City Traffic Control Department submitted the driveway plans to the State Highway Department for approval and the State Highway Department has refused to either approve or disapprove the driveway plans; all of which amount to the taking of a beneficial use of Highland Hills property without just compensation.
Factually, there has been no taking of Highland Hills' land thru condemnation proceedings, and no taking is contemplated for the purpose of completing I-440. Further, no action has been taken with regards to the subsequent widening of Northwest Highway and that the damages, if any, suffered by plaintiff, Highland Hills, is some future adverse effect upon the driveways Highland Hills wishes to construct leading upon the highway.
In this jurisdiction, there is no authority for an abutting land owner, upon his claim of resulting or consequential damages with no physical taking of property, to sue the State under an eminent domain theory as in reverse condemnation proceedings. State v. Alford, Okl., 347 P.2d 215 (1959). Nor can a sovereign state be sued in an inverse condemnation proceedings where there has been no taking without consent of the State by reason of sovereign immunity. Hawks v. Walsh, 177 Okl. 564, 61 P.2d 1109 (1936).
Plaintiff below, Highland Hills, in response to the prayer for prohibition, argues however, that in the instant case, acts of Petitioner State Highway Department are tantamount to taking and the case at bar is thereby distinguishable from Alford, supra, and Hawks, supra. This contention is answered by our holding in Empire Construction, Inc. v. City of Tulsa, Okl., 512 P.2d 119 (1973) which distinguished *1407 the consequences of "condemnation blight", or inconvenience and depression of land values by reason of proposed limited access expressways, from an actual or de facto taking by reason of an overt act resulting in assertion of dominion and control over the property by the governmental agency. In this case, there is neither an actual taking nor has there been demonstrated any overt act leading to exercise of dominion and control over Highland Hills property upon which to base a finding of de facto taking.
We therefore conclude that the trial court is without judicial authority to further proceed.
Application to Assume Original Jurisdiction Granted. Writ of Prohibition Issue.
All the Justices concur.