## STATE v. FLETCHER.

No. 23756.  July 10, 1934.

J. Berry King, Atty. Gen., and Jesse L. Ballard, Asst. Atty. Gen., for plaintiff in error.

Meacham, Meacham & Meacham, for defendant in error.

OSBORN, J. This action was commenced in the district court of Custer county by J. S. Fletcher against the state of Oklahoma to recover damages caused by the drainage of sewage from the Western Oklahoma Tubercular Sanatorium through the premises used by plaintiff as a dairy, which resulted in damages to his cows, and necessitated the abandonment of the dairy business. The cause was tried to a jury and a verdict rendered for plaintiff for $2,730. From a judgment thereon, defendant appeals.

The sanatorium was constructed about one mile south of Clinton, in Custer county, during the year 1921. At that time plaintiff occupied the premises immediately adjacent to the sanatorium on the east, where he conducted his dairy business. In August, 1925, he was ordered by the State Dairy Commissioner to close up his dairy and to sell no more milk from his cows. The evidence was to the effect that tuberculosis germs are transmittable from a human to a cow, and from a cow to a human, and that the cattle had access to the waters of the Washita river immediately below the point where the sewage from the sanatorium emptied into the river. It is evident that there was grave danger of infection to the cows of the tuberculosis germs, under the evidence shown in this case. It also appears that the Dairy Commissioner was amply justified in condemning plaintiff's cows.

The Thirteenth Legislature enacted House Joint Resolution No. 20, art. 2, chap. 65, S. L. 1931, which is as follows:

"Whereas, J. S. Fletcher of Clinton, Okla., claims to have sustained damages in the amount of $5,000 by reason of the destruction of his property on account of the location and construction of the Western Tuberculosis Hospital near Clinton, Okla.; and

"Whereas, it is claimed that the said J. S. Fletcher was engaged in the dairy business, and on account of the location of the Tuberculosis Hospital the State Dairy Department of the state of Oklahoma ordered the dairy, which was owned and operated by the said J. S. Fletcher, to be closed; and

Whereas, no settlement has been made with J. S. Fletcher for the alleged damages:

"Now, therefore, be it resolved by the House of Representatives and Senate of the State of Oklahoma:

"Section 1. That J. S. Fletcher of Clinton, Oklahoma, be, and he is hereby authorized to bring suit against the state of Oklahoma to determine liability and any loss which he sustained, if any, by reason of the destruction of his property on account of the location and construction of the Western Tuberculosis Hospital near Clinton, Oklahoma.

"Section 2. Said J. S. Fletcher is hereby authorized to bring suit in a court of competent jurisdiction and prosecute the same to final conclusion. The Governor of the state of Oklahoma is hereby designated as the person upon whom process of the court may be served."

To the above act was attached the emergency clause, and the same became effective April 8, 1931. This action was commenced on May 2, 1931.

It is contended by the state, first, that plaintiff's action is barred by the statute of limitation of two years provided in subdivision 3, section 185, C. O. S. 1921 (sec. 101, O. S. 1931). It is conceded that if this is one of that class of suits in which the consent of the state to be sued is necessary before an action is filed, the statute of limitations begins to run from the date consent is given, but the state contends that section 24, art. 2, of the Constitution, which provides that private property shall not be taken or damaged for public use without compensation, is self-executing, that no specific consent of the state is necessary, and that plaintiff had a right to bring this action at any time within two years from the date the damage accrued, and having failed to do so, is now barred by the statute of limitation. To support such contention we are cited to the case of Chick Springs Water Co. v. State Highway Department, 159 S. C. 481, 157 S. E. 842. We also take note of State Highway Commission v. Smith, 146 Okla. 243, 293 P. 1002. There is this substantial distinction, however, in this case, that no provision is made either by the Constitution or statute which provides any manner in which service of process might be had in such action against the state. It is therefore apparent that some legislation was needed to give

plaintiff an effective remedy through which he might enforce the rights guaranteed by the above provision of the Constitution.

Defendant in error contends that in the enactment of House Resolution No. 20, supra, the statute of limitations in behalf of the state was waived. We agree with the contention. The Legislature is the author of both acts. It is presumed that the Legislature knew the law and took the position that under the law the state could not be sued by this plaintiff without the state's consent, and also knew that the period of time provided by the statute of limitation had expired, and if such defense was set up, it would defeat the action. It is also presumed that the Legislature did not intend to do a foolish and futile thing, consent to be sued and at the same time reserve the right to set up an absolute and certain defense, which would make the act self-destructive. Ouzts v. State Highway Department (S. C.) 159 S. E. 457; Sirrine v. State (S. C.) 128 S. E. 172. The state, when it becomes a party in the courts, is bound by the same rules of procedure or practice as apply to private litigants. People v. King (Cal.) 191 P. 1004.

It is next contended by the state that House Resolution No. 20, supra, is unconstitutional, being violative of the following sections of the Constitution: Section 51, art. 5, which provides that the Legislature shall pass no law granting to any association, corporation, or individual any exclusive rights, privileges, or immunities within this state; section 59, art. 5, which provides that laws of a general nature shall have a uniform operation throughout the state, and where a general law can be made applicable, no special law shall be enacted; section 52, art. 5, which provides that the Legislature shall have no power to revive any right or remedy which may have become barred by lapse of time, or by any statute of this state; section 46, art. 5, which provides that the Legislature shall not "* * * pass any local or special law authorizing: * * * (z) for limitation of civil or criminal actions."

We do not deem it necessary to discuss the above constitutional provisions separately. It is necessary, however, to consider them in connection with section 24, article 2, of the Constitution, which is entitled to as much consideration as the other provisions, and provides that private property shall not be taken or damaged for public use without just compensation. We find no difficulty in construing all of the provisions together when it is borne in mind that the purpose of the

enactment of the above provisions of the Constitution was to preserve, protect, and defend the rights of citizens against possible encroachments by the exercise of sovereign power vested in the state. The inhibition against special privileges and immunities was intended to preserve equality between citizens, the inhibition against enactment of special laws guarantees the equal operation of the law as to all citizens, the inhibition against reviving a remedy barred by existing laws preserves to the citizenship one of its vested rights which can be waived by a citizen or by the state. As we have pointed out, in the enactment of House Resolution No. 20, supra, the Legislature is but taking a necessary step to make effective the constitutional guaranty that the property of a citizen shall not be taken or damaged for public use without just compensation. The inhibitions suggested by defendant herein are not applicable, since they were not enacted to preserve the sovereign, but to protect the individual rights of the subjects of the sovereign. The authorities relied upon by the parties are not applicable here, since they deal with controversies which affect the rights of individual citizens. Other contentions of law and fact are presented, but are without merit.

The judgment of the trial court is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS and BAYLESS, JJ., absent.