## WARD v. STATE.

No. 25450.   March 24, 1936.

Babb & Babb, C. T. Bennett, and T. H. Ottesen, for plaintiff in error.

J. Berry King, Atty. Gen., and Fred Hansen, Asst. Atty. Gen., for defendant in error.

GIBSON, J.   This action was commenced in the district court of Oklahoma county pursuant to House Joint Resolution No. 51.

(Laws 1933, c. 183) passed by the Fourteenth Legislature and approved by the Governor April 25, 1933, entitled as follows:

"A Joint Resolution authorizing Herbert Z. Ward, of Heavener, Oklahoma, to bring suit against the State of Oklahoma to recover certain Gross Production and other taxes alleged to have been illegally collected from him by the State of Oklahoma; and declaring an emergency."

General demurrer attacking the sufficiency of the petition and raising the statute of limitations was sustained on the ground that plaintiff had no right, power, or authority to sue the state. Plaintiff has appealed from the judgment on demurrer.

The question directly involved here is whether or not the foregoing joint resolution was legally effective to grant the plaintiff authority to maintain this action in view of the rule that a sovereign state cannot be sued except by its consent granted by express legislative enactment. National Surety Company v. State Banking Board, 49 Okla. 184, 152 P. 389.

It would seem that a joint resolution passed in the manner and form of the one here considered may have the force and effect of law and therefore is equivalent to a legislative enactment within the above expressed rule. Oklahoma News Co. v. Ryan, 101 Okla. 151, 224 P. 969; State v. Fletcher, 168 Okla. 538, 34 P. (2d) 595. In the Ryan Case we said that the Constitution specifically recognizes a joint resolution as a law. Section 11, art. 6. The following statement from that opinion is clearly to that effect:

"This provision of the Constitution shows clearly it was intended that laws might be enacted by bill or by resolution, but that neither bill nor joint resolution shall become law unless presented to the Governor for approval or rejection. It further appears that the joint resolution contemplated was the joint act of both branches of the Legislature, being first agreed to in one branch and then sent to the other for its concurrence. We conclude, therefore, that a joint resolution which has been duly passed by both branches of the Legislature, signed by the presiding officer of each and approved by the Governor, may operate to alter or modify an existing law, where such alteration or modification is of a temporary character."

Then we have the further statement of the court in that case, as follows:

"* * * The framers of the Constitution contemplated the passage of laws by bills and by joint resolutions, and the practice existing in the Legislature of passing laws of a temporary character by joint resolution should be upheld in the absence of a constitutional requirement that all laws should be enacted by bill. The Okahoma Constitution contains no such requirement."

The joint resolution there under consideration was one suspending the operation of the statute fixing the date for payment of ad valorem taxes, and with reference thereto we said:

"If the resolution is passed by one house and is then sent to the other house for its concurrence and is passed by it and signed by the presiding officer of each house, and approved by the Governor, it becomes a law regardless of its designation. * * *"

That case is ample authority that a joint resolution properly passed may, under the provisions of our Constitution, become a law. We believe that the case of State v. Fletcher, supra, taken in connection with Oklahoma News Co. v. Ryan, supra, is fairly decisive of this question.

The resolution in the Fletcher Case was identical in form with the resolution in the present case. In that case Fletcher was granted authority to sue the state on account of damages to his property arising from the construction of a state hospital near Clinton. Fletcher's property had been taken or damaged for public use without just compensation in violation of section 24, article 2, of the Constitution. In an ordinary case the statute of limitation would have barred his action. The state there so contended, as it does here, and the court announced the following rule on that question.

"1. A cause of action accruing to an individual against the state under the provisions of section 24, article 2, of the Constitution, for consequential damages to private property by reason of the construction of a public improvement, is not barred by the statute of limitation provided by subdivision 3, sec. 101, O. S. 1931, where, after the statutory period of limitation has expired, the Legislature, by specific enactment, grants to said individual permission to sue the state."

It may be seen, therefore, that the court considered the joint resolution as a legislative enactment, which holding in all respects conforms to the holding in the Ryan Case.

We therefore hold that a joint resolution of the Legislature granting power to an individual to sue the state, if properly passed, has the force and effect of a legislative enactment.

Defendant calls our attention to Hawks v. Bland, 156 Okla. 48, 9 P. (2d) 720, and Wright v. Carter, 161 Okla. 281, 18 P. (2d) 522, as authority for the proposition that a

resolution is not an enactment of law, but a mere expression of opinion.

An examination of these cases reveals that the decisions there stand for the proposition that a resolution is not a law within the meaning of section 55, art. 5, of the Constitution, prohibiting the payment of money out of the state treasury except in pursuance of an appropriation by law. They stand for the further proposition that money appropriated for one purpose may not be diverted for other purposes (sec. 19, art 10, Const.); and further, that legislative authorization of the payment of state funds to individuals as compensation in certain cases is void as an attempted gift within the meaning of section 15, art. 10, of the Constitution.

The expressions of the court in the Hawks Case and the authorities there referred to indicate strongly that the resolution under consideration was not enacted in pursuance of sections 34 and 35, article 5, of the Constitution, relating to procedure in the enactment of laws. Substantiating this statement, we refer to the following authority there quoted from another jurisdiction:

"'A resolution is ordinarily passed without the forms and delays which are generally required by Constitutions * * * prerequisites to the enactment of valid laws. * * * It need be read but once and may be passed by a viva voce vote, without calling the ayes and noes. * * *'"

Here we have a different situation. The joint resolution in the instant case was passed with all the form and solemnity of a regular bill within the meaning of the constitutional provisions heretofore referred to, and is recognized by the Constitution as within the definition of a duly enacted law.

Defendant makes the further contention that if the joint resolution in the present case is a legislative act, it is a special or local law within the meaning of section 32, art. 5, Constitution, and void for the reason that the same was not published as required by said section.

That question was not before the trial court on demurrer, and is not presented here. We are concerned merely with the question of the sufficiency of the petition. Looking to that instrument, we find the statement of a cause of action based upon a legislative enactment which in all respects is apparently valid. The presumption is that the law was constitutionally enacted. If for any reason not appearing in the petition such law is involved, that is a matter not within the judicial knowledge of this court. Protest of C., R. I. & P. Ry. Co., 137 Okla. 186, 190, 279 P.

319, 323. In such case it will be presumed on this appeal that all legal requirements were observed by the Legislature. Byers v. Dunham, 50 Okla. 266, 150 P. 1049.

For the reasons herein expressed, the judgment of the trial court sustaining demurrer to the petition is reversed, and the cause remanded, with directions to proceed in conformity herewith.

McNEILL, C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.