### ANDERSON v. STATE et al.

No. 34076.   May 22, 1951.

*231 P. 2d 990.*

Charles C. Chesnut, Miami, and Kelly Brown, Muskogee, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Fred Hansen, First Asst. Atty. Gen., for defendant in error State of Oklahoma.

WELCH, J. This is an appeal taken by T. J. Anderson from an order of the trial court sustaining defendant State of Oklahoma's demurrer to his petition and dismissing the case.

The action was brought by plaintiff against the State of Oklahoma and board of county commissioners of Ottawa county to recover compensation for an alleged unlawful appropriation and conversion by the State of Oklahoma

of certain personal property belonging to plaintiff.

It is alleged in the petition that the board of county commissioners of Ottawa county claims some right, title or interest in the property converted; that it is a necessary party plaintiff to the action but that it has refused to join as such and is therefore made party defendant.

It is further alleged, in substance, the board of county commissioners of Ottawa county had constructed bridges across the Neosho and Spring rivers in Ottawa county. Thereafter, and due to the construction of what is known as Grand Lake, the portion of the highway on which such bridges were constructed was flooded and it became necessary to remove, tear down and take apart and separate the bridges in materials out of which they were constructed, and because of the damages thereby sustained by Ottawa county it was compensated by condemnation proceedings brought by the United States of America, and, as part of the compensation allowed, the county was to retain title to the material out of which the bridges were constructed.

On the 21st day of August, 1941, after proper proceedings and due notice, plaintiff purchased the materials from the board of county commissioners of Ottawa county, paid part of the purchase price thereof, and contracted to pay the balance. Thereafter, and without notice and without any right or authority, the State of Oklahoma through its State Highway Department unlawfully appropriated the materials to its own use and benefit and refused to make compensation therefor to plaintiff.

It is further alleged: On the 7th day of April, 1947, the Legislature of the State of Oklahoma passed an Act, O. S. L. 1947, page 702, waiving immunity of the state and authorizing plaintiff to bring an action against the state to recover damages because of such unauthorized appropriation of the materials. A copy of the act is attached to the petition and made a part thereof.

It is alleged in the petition that the value of the materials appropriated at the time and place of appropriation was of the sum of $27,000, which amount he is entitled to recover against the State of Oklahoma with 6 per cent interest from the date of the unlawful appropriation until paid; that there remains due and unpaid on the purchase price of the materials the sum of $1,600, which amount will become due upon the delivery of the property by the board of county commissioners to plaintiff, or upon receipt of compensation therefor and in case a delivery cannot be had or compensation is not received, plaintiff is entitled to judgment against defendant board of county commissioners.

Plaintiff prays judgment against defendant State of Oklahoma in the sum of $27,000 and interest, and for judgment determining the rights as between plaintiff and defendant board of county commissioners.

The defendant State of Oklahoma demurred to the petition on the following grounds:

"(1) That this court has no jurisdiction of the person of the defendant, State of Oklahoma.

"(2) That the amended petition does not state facts sufficient to constitute a cause of action in favor of the plaintiff and against the defendant, State of Oklahoma.

"(3) That Senate Bill No. 137 of the Twenty-first Oklahoma Legislature, attached to plaintiff's amended petition as Exhibit 'A', does not authorize plaintiff to file an action against the State of Oklahoma, in which the other defendants above named by plaintiff are made parties, but plaintiff is only authorized by said Act to sue the State of Oklahoma on the alleged cause of action set forth therein."

The trial court sustained the demurrer and dismissed the case. The appeal is taken from this order.

It is the contention of plaintiff that under the act of the Legislature pleaded by him he had a right to sue the State of Oklahoma and that under the allegations of the petition and upon service of summons as provided by the act, the court acquired jurisdiction over the person of the State of Oklahoma, and the fact that the board of county commissioners of Ottawa county, for the reason stated in the pleading, was made a party defendant did not deprive the court of its jurisdiction; that the petition states facts sufficient to constitute a cause of action and the trial court therefore erred in sustaining the demurrer and dismissing the case.

It is urged by counsel for defendant State of Oklahoma that when plaintiff, as stated in the fourth paragraph of its petition, made the board of county commissioners of Ottawa county party defendant because it refused to join as party plaintiff, he in effect made the board a party plaintiff; that the state's immunity as to the board had not been waived by the act of the Legislature pleaded by plaintiff thus requiring the State of Oklahoma to defend against a party not authorized to sue it; that the joining of the board as a party to the action under such circumstances was fatal to the jurisdiction of the trial court, and it was therefore without authority or power to render judgment as against the State of Oklahoma; that the trial court properly sustained its demurrer to the petition on the grounds stated in paragraphs one and three thereof. We have heretofore held to the contrary in State v. Adams, 187 Okla. 673, 105 P. 2d 416. We there said:

"The last contention made is that, since the act authorized a suit by Lewis Adams alone, and the present action was brought by Lewis Adams and Amelia A. Adams, his wife, it was not authorized, and the trial court was without jurisdiction to render judgment against defendant therein. This contention is made in this court for the first time. The parties plaintiff are husband and wife, and the land is their homestead. They were the grantors in the easements by which the right to construct the road across this land was acquired by the state, and while the state waived immunity as to Lewis Adams only, the joinder of the wife did not deprive the trial court of jurisdiction of the case as to Lewis Adams. If the wife is a necessary party (which fact we do not determine) we assume that the Legislature intended to waive immunity as to all necessary parties. We consider this contention without substantial merit."

This case was later followed and approved in State ex rel. Oklahoma State Highway Commission v. Horn, 187 Okla. 605, 105 P. 2d 234.

Under the above authorities, assuming that the board of county commissioners of Ottawa county was a necessary party plaintiff to the action, the fact that it was made a party defendant on its refusal to join as a party plaintiff was not fatal to the jurisdiction of the trial court as it will be assumed that when the Legislature waived the state's immunity as to plaintiff it intended to waived immunity as to all parties necessary to a final and complete determination and settlement of all questions that might arise in the action.

The trial court erred in sustaining the demurrer to the petition and dismissing the case.

Reversed, with directions to overrule the demurrer to vacate the order of dismissal, and to proceed in accordance with the views herein expressed.

ARNOLD, C. J., LUTTRELL, V. C. J., and CORN, GIBSON, DAVISON, HALLEY, and O'NEAL, JJ., concur.