A concurrent resolution passed by a session of the Oklahoma Legislature which does not meet the criteria of becoming law, is merely an expression of opinion of that particular body and has no binding effect on a subsequent session of the Legislature. This office has had under consideration your request for an opinion wherein you in effect ask the following question: Does a concurrent resolution passed by a session of the Oklahoma Legislature but not sent to the Governor for signature have any binding effect on a subsequent session of the Legislature? As the resolution of which you speak was not signed by the Governor, it did not become the law of this state. See Ward v. State, 176 Okl. 368, 56 P.2d 136 (1936), and Board of County Commissioners of Marshall County v. Shaw, 196 Okl . 66, 182, P.2d 507 (1947). A concurrent resolution which does not have the effect of law, is merely an expression of the sentiment of the Legislative body passing the resolution. See Hawks v. Bland156 Okl. 48, 9 P.2d 720. Generally, a legislative body uses a resolution to express an opinion or purpose with respect to a matter that is temporary in nature. See State ex rel. Jones v. Atterbury, Mo. 300 S.W.2d 806. It is the opinion of the Attorney General that a concurrent resolution passed by a session of the Oklahoma Legislature which does not meet the criteria of becoming law, is merely an expression of opinion of that particular body and has no binding effect on a subsequent session of the Legislature. This opinion is in conformance with Attorney General's opinion No. 64-153 dated February 21, 1964. (David L. Russel) ** SEE: OPINION NO. 80-033A (1980) ** ** SEE: OPINION NO. 77-152 (1977) **