**DELHI GAS PIPELINE CORPORATION,
a corporation, Petitioner,**

**v.**

**The Honorable J. Russell SWANSON, Judge
of the District Court of Blaine Coun-
ty, Oklahoma, Respondent.**

**No. 46882.**

Supreme Court of Oklahoma.

Feb. 26, 1974.

Paul M. Kimball, Kimball & Wilson, Oklahoma City, for petitioner.

McClelland, Collins, Sheehan, Bailey, Bailey & Belt, Oklahoma City, for respondent.

BERRY, Justice:

Petitioner pipeline corporation [defendant below] requests this Court to assume original jurisdiction and prohibit the trial court from proceeding further.

Petitioner desired to construct a pipeline over a tract of and owned by plaintiffs below [owners]. During negotiations with owners petitioner's contractor entered premises and started constructing pipeline. Differences arose between petitioner and owners. Thereafter petitioner filed condemnation proceedings to acquire a right of way over a strip of land 50 feet in width "together with the right of ingress and egress and such other rights necessary to it for the convenient enjoyment of such limited gas pipeline right-of-way."

On July 11, 1973, the trial court entered an order confirming the Report of the Commissioners. In that order the court determined petitioner had the right to exercise the power of eminent domain and

that the taking was necessary. Exceptions filed by owners were overruled.

On the same day owners filed suit against petitioner and its contractor alleging petitioner was trespassing upon their land. In that action owners sought actual and punitive damages and injunctive relief.

Petitioner filed a motion to dismiss the trespass action. In the motion petitioner contended owners were seeking to recover damages resulting from petitioner's appropriation of the easement and were required to recover these damages in the pending condemnation proceeding.

Petitioner also filed a demurrer. In the demurrer petitioner alleged the court did not have jurisdiction of the subject matter and the petition did not state facts sufficient to constitute a cause of action in favor of owners against petitioner.

The trial court overruled the motion to dismiss and the demurrer and set the case for jury trial. Petitioner then brought this action.

Petitioner contends it has the power of eminent domain for pipeline purposes; it entered upon the owners' property and constructed a pipeline; and owners' exclusive remedy is to seek damages in the eminent domain proceedings.

Owners contend they are entitled to maintain the trespass action because petitioner has actually taken an excessive amount of land. In this regard they concede petitioner had the right to condemn the 50 foot strip. However, they contend a condemnor is entitled to condemn only an amount of property which is reasonably necessary for its purposes and that by seeking to condemn only a 50 foot wide strip petitioner admitted only a 50 foot easement was necessary. They then contend petitioner actually damaged a strip from 50 feet to 210 feet wide.

66 O.S.Supp.1973 § 53, provides for the appointment of Commissioners in eminent domain proceedings. Section 53 provides the Commissioners will assess the damage the owner will sustain by the appropriation and will file a report setting forth the "quantity, boundaries, and value of the property taken, and the amount of injury done to the property, either directly or indirectly, which they assess to the owner. * * *"

■ All damage in this case occurred prior to the time the trial court entered the Order Confirming the Report of the Commissioners. In that order the trial court found it was necessary for petitioner to acquire the right of way together with "right of ingress and egress and such other rights necessary to petitioner for the convenient enjoyment of said limited gas pipeline right-of-way easement." Therefore, we must presume the trial court ruled it was necessary for petitioner to take or damage all land which had actually been taken or damaged prior to the time the order was entered.

The record is not clear on whether owners filed exceptions to the Commissioners' report. In either event exceptions were overruled and no appeal taken. This order became final.

We have previously held questions concerning the right to condemn should be brought to the attention of the trial court by objecting to the report of the commissioners and the trial court's ruling upon such objections is an appealable order. Wrightsman v. Southwestern Natural Gas Co., 173 Okl. 75, 46 P.2d 925.

Furthermore, we have held where the condemnee does not object in the eminent domain proceeding to the need for the taking and the nature of the estate to be taken, he waives these objections and cannot thereafter raise such issues in a subsequent proceeding to recover the property. Fischer v. Oklahoma City, 198 Okl. 22, 174 P.2d 244.

Therefore, we conclude owners waived in the condemnation proceeding any objection to the necessity of the taking which actually occurred and cannot now raise this issue in the trespass action. Fischer v. Oklahoma City, supra.

■ This conclusion does not preclude the owners from recovering in the pending

672

condemnation proceeding for all of their land taken or damaged by petitioner. In Cities Service Gas Co. v. Huebner, 200 Okl. 521, 197 P.2d 985, we held that in situations where the works have been completed prior to trial in the condemnation proceeding, the condemnee may recover in the condemnation proceeding for all of his damages, irrespective of negligence.

Furthermore, since we conclude owners have waived objections to the necessity of the taking, owners must recover in the pending condemnation proceeding all damages which have occurred.

In Graham v. City of Duncan, Okl., 354 P.2d 458, we quoted the applicable rule from State of Oklahoma v. Adams, 187 Okl. 673, 105 P.2d 416, as follows:

" * * * that the owner must recover in one action 'all damages which have resulted, or are reasonably liable to result in the future, from a proper construction or operation of the improvement, and that no subsequent action will be to recover for items which might have been considered in the original proceeding.' "

■ Art. VII, § 4, Okla.Const., grants jurisdiction in this Court to exercise a general superintending control over all inferior courts. It is recognized that prohibition is not a writ of right, but one of sound discretion, to be granted or withheld by the Court exercising supervisory control according to the nature and circumstances of each particular case. Butler v. Breckenridge, Okl., 442 P.2d 313.

We assume original jurisdiction. The writ of prohibition is granted and the District Judge is prohibited from proceeding further in this cause.

DAVISON, C. J., WILLIAMS, V. C. J., and LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

HODGES, J., concurs in result.

IRWIN, J., dissents.