**INDEPENDENT SCHOOL DISTRICT NO. 40, CLEVELAND COUNTY, Oklahoma, for itself and for all other members of that class constituting beneficiaries of the Sarkeys Foundation, Petitioners,**

**v.**

**SARKEYS, INC., an Oklahoma Corporation, Sarkeys Foundation, an Oklahoma charitable Corporation, Sabine Corp., a Louisiana Corporation, Verlan W. Harrell, Bill Edwards, Bobby D. Armstrong, Dan Savage, A. R. McCurley, Emmett M. Charles, and Thomas F. McIntyre, and Elvin J. Brown, District Judge of Cleveland County, Respondents.**

No. 51390.

Supreme Court of Oklahoma.

Sept. 29, 1977.

Rehearing Denied Oct. 19, 1977.

John R. Couch, Pierce, Couch & Hendrickson, Oklahoma City, Terry G. Shipley, Noble, Philip Warren Redwine, Norman, Rogovin, Stern & Huge, Washington, D. C., for petitioners.

Luttrell, Pendarvis & Rawlinson, Norman, for respondent, Sarkeys Foundation.

Crowe, Dunlevy, Thweatt, Swinford, Johnson & Burdick, and Watson, McKenzie & Moricoli, Oklahoma City, for respondents, Sabine Corp. and Sarkeys, Inc.

Doerner, Stuart, Saunders, Daniel & Langenkamp, Tulsa, for respondent, Verlan Harrell.

James W. Bill Berry, Oklahoma City, for respondent, Thomas F. McIntyre.

Lucas & Cate, Norman, Monnet, Hayes, Bullis & Edwards, Kerr, Davis, Irvine, Krasnow, Rhodes & Semtner, Oklahoma City, Benedum, Benedum & English, Norman, for respondents, Bill Edwards, Bobby D. Armstrong, Dan Savage, A. R. McCurley and Emmett M. Charles.

LAVENDER, Vice Chief Justice:

Petitioner, Independent School District No. 40, Cleveland County (School District), brought suit in the District Court of Cleveland County against Sarkeys Foundation, a charitable trust, and other named corporate entities and individuals (Foundation),[1] actu-

---

1. Defendants in the district court action are the named respondents in the original action in this court and, in addition, the trial court, Elvin J. Brown.

Here, in this opinion, the respondents will be denoted as Foundation respondents or Foundation defendants in reference to the district court action. Respondents have common positions in this original action.

al respondents as opposed to trial court against whom the Writ of Prohibition is sought. That suit was brought in the form of a class action for all beneficiaries of the charitable trust. It principally sought to prevent a transaction or transactions alleged to involve the sale of the major assets of the charitable trust to the detriment of the class beneficiaries. On filing suit, plaintiff School District immediately sought discovery through service of interrogatories on certain defendants and issuing of subpoenas as to other defendants for the taking of depositions. Foundation defendants attacked School District's standing to bring the action through the filing of motions to dismiss, demurrers, and motions for summary judgment. On motions of Foundation defendants, trial court stayed any discovery proceedings by School District until trial court had resolved the issue as to School District's standing.

Petitioner School District brings this original action asking this court to assume

original jurisdiction and issue Writ of Prohibition against the trial court to prevent staying of discovery proceedings. Merits of the litigation are not before this court in this original action, nor is there any determination as to the issue of standing.

■ This court assumes original jurisdiction under its exercise of a general superintending control over all inferior courts. Okl.Const. Art. 7, § 4. Granting a Writ of Prohibition is discretionary in the exercise of that supervisory control according to the nature and circumstances of each particular case. *Delhi Gas Pipeline Corporation v. Swanson*, Okl., 520 P.2d 670, 672 (1974).

School District petitioner argues the trial court here has no discretionary power to prevent the taking of a deposition under 12 O.S.1971, § 434[2] or service of interrogatories under § 549.[3] Foundation respondents contend discovery is subject to a trial court's equitable power to protect from

The district court defendants are:
  Sarkeys, Inc., an Oklahoma Corporation;
  Sarkeys Foundation, an Oklahoma charitable Corporation;
  Sabine Corp., a Louisiana Corporation;
  Verlan W. Harrell;
  Bill Edwards;
  Bobby D. Armstrong;
  Dan Savage;
  A. R. McCurley;
  Emmett M. Charles; and
  Thomas F. McIntyre.

**2.** § 434. When depositions may be taken—Challenges

"Any person named in the caption in an action may commence taking testimony by deposition at any time after service of summons is effected on any of the defendants or, *in any event*, after ten (10) days following issuance of summons for service upon any person or persons named as defendants in the caption. Upon motion, with or without notice, as the court may direct, and for good cause shown, the court may shorten such time. *A challenge to the validity of service, the jurisdiction of the court, the venue of the action, or a demurrer to the sufficiency of the petition shall not prevent a party from taking testimony by deposition*, and the taking of a deposition or the appearance and participation in the taking of a deposition shall not waive any pending motion, demurrer or other objection." (Emphasis added.)

**3.** § 549. Taking, serving and answering—Objections—Failure to answer

"(a) Any party to a civil action or proceeding may serve written interrogatories upon any adverse party, to be answered by the party served, or, if the party served is a public or private corporation or a partnership or association, upon any officer or agent, who shall furnish such information as is available to the party. *Interrogatories may be served after commencement of the action and without leave of court*, except that a plaintiff may not serve interrogatories until after the service of summons without leave of court granted with or without notice. * * Answers to interrogatories to which objection is made shall be deferred until the objections are determined. Interrogatories may relate to any matters which can be inquired into by deposition, and the answers may be used to the same extent as answers in depositions. *Interrogatories may be served after a deposition* has been taken and a *deposition may be sought after interrogatories* have been answered, but *the court*, on motion of the deponent or the party interrogated, *may make such protective order as justice may require.*

"(b) *The number* of interrogatories *or of sets* of interrogatories to be served *is not limited except as justice requires to protect the party from annoyance, expense, embarrassment, or oppression.* * * *." (Emphasis added.)

annoyance, embarrassment, oppression, or expense. §§ 548, 549.[4]

Foundation respondents ask us to apply the "principle of judicial parsimony" said to exist in Rule 26 of the Federal Rules of Civil Procedure. That principle has been called a salutary one, if it is applied sparingly and with real discretion rather than as an absolute rule.[5] Rule 26(c) provides a broader base for protection orders than found in this jurisdiction's statute as to discovery including depositions, interrogatories, and production of documents.

Section 424 allows the commencing of taking depositions at any time after service of summons, or in *any event*, after ten days following issuance of summons. As amended, a challenge to validity of service, jurisdiction, venue, or sufficiency of the petition does not prevent the deposition from being taken. Laws 1969, c. 77. Section 548 provides for the production of tangible things. That discovery right is made subject to the equitable power of the court to protect from annoyance, embarrassment, or oppression. Section 549 provides for interrogatories. There, subsections a and b allow a protective order, if justice requires, and from those same elements found in § 549 with an additional element of expense. These statutory sections show a legislative intent to give a more limited base for protective orders than Rule 26, supra.

■ We recognize the discovery rules and statutes contemplate an exercise of discretion and judgment by the trial court. *Carman v. Fishel*, Okl., 418 P.2d 963 (1966).[6] Nor, do we hold the court has no equitable powers to allow protective order other than that granted by statute. Allowing such an equitable power, contra to the legislative intent as reflected by § 434, is similar to the description of "judicial parsimony" of a salutary principle if it is applied sparingly and with real discretion rather than as an absolute rule.

Here, we have difficulty in applying such an equitable power so as to sustain the trial court's staying of all discovery proceedings. On the issue of standing, a motion for summary judgment is supported by an individual defendant's affidavit; yet the School District is denied his deposition to test the facts therein contained.

Expense of time, energy, effort, and money is the principal objection to allowing the discovery process. Presently, there are no interrogatories after a deposition or a deposition after interrogatories to allow a protective order, if justice requires. § 549(a). The number or sets of interrogatories is not an issue. § 549(b). If expense is the determining factor as to discovery, that argument could prevail in most cases. No effort is made to show an unusual or extraordinary expense so as to require protection as to these Foundation defendants.

■ We cannot say there could be no situation under which a court could not apply the principle of judicial parsimony. However, that principle cannot become an absolute rule. There is difficulty in distinguishing the present case, and its pending test of the School District's standing, from that of other cases where serious challenges

---

**4.** § 548. Discovery and production of documents, etc.—Copying

"Upon motion of any party showing good cause and upon notice to all other parties, and *subject to the equitable power of the court to protect any party or witness from annoyance, embarrassment, or oppression,* the court in which an action is pending may (1) order any such party to produce and permit the inspection and copying or photographing, by or on behalf of the moving party, of any designated documents, papers, books, accounts, letters, photographs, motion picture film or negatives thereof, developed or undeveloped photographic film, objects, or tangible things, not privileged, which consti-

tute or contain evidence relating to any of the matters within the scope of examination permitted by deposition and which are in such parties' possession, custody or control, or (2) order any party to permit entry upon designated land * * *." (Emphasis added.)

**5.** 8 Federal Practice and Procedure, § 2040, p. 288.

**6.** Court Syllabus 7 reads:

"The discovery rules and statutes, supra, contemplate an exercise of discretion and judgment by the trial court, not a mere automatic granting of motion."

have been lodged to the sufficiency of the petition by demurrers.

To allow a trial court to stay discovery based on an ordinary expense involved with that discovery, or based on a challenge to standing of a party to the action through the application of "judicial parsimony," would hamper, delay, and could destroy discovery proceedings. Here, the stay order is dissolved and Writ of Prohibition issued so as to prevent the trial court from delaying the discovery proceedings as allowed by statute.

Jurisdiction assumed; Stay Order dissolved; and Writ of Prohibition granted.

All of the Justices concur.

