Dear Representative Seikel,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
Is a truck bed-lifting device, purchased by a farmer, exemptfrom sales tax pursuant to 68 O.S. 1358 (1988), as amended,when this device is installed on a motor vehicle, used to enablethe farmer to dump the bed's contents, and is used only on a farmfor farming purposes?
¶ 1 In particular, the exemption for farm machinery pursuant to the amended 68 O.S. 1358 provides as follows:
 There are hereby specifically exempted from the tax levied by this Article:
* * *
 (F) Sale of farm machinery, repair parts thereto or fuel, oil, lubricants and other substances used for operation and maintenance of the farm machinery to be used directly on a farm or ranch in the production, cultivation, planting, sowing, harvesting, processing, spraying, preservation or irrigation of any livestock, poultry, agricultural or dairy products produced from such lands. The exemption specified in this paragraph shall apply to such farm machinery, repair parts or fuel, oil, lubricants and other substances used by persons engaged in the business of custom production, cultivation, planting, sowing, harvesting, processing, spraying, preservation, or irrigation of any livestock, poultry, agricultural, or dairy products for farmers or ranchers. . . . The exemption provided for herein shall not apply to motor vehicles.
¶ 2 As set forth in 68 O.S. 1358, farm machinery is exempt from taxation. However, this exemption does not apply to motor vehicles. Consequently, the issue is whether a bed-lifting device attached to a vehicle is considered "farm machinery" or whether it becomes part of the vehicle upon attachment.
¶ 3 Three previous Attorney General Opinions, Opinions 74-134, 77-252, and 78-193, have construed the statute exempting farm machinery from taxation. The opinions were based in part upon a special rule of statutory construction for tax statutes. That is, any doubt concerning tax laws must be resolved in favor of the person upon whom the tax burden is sought to be imposed. However, it is also the law that tax exemptions are not to be inferred lightly, nor will they be applied unless they are granted by statute. In Re: Protest of First Federal Savings and LoanAssociation v. Oklahoma Tax Commission, 743 P.2d 640 (Okla. 1987), cert. denied, ___ U.S. ___, 108 S.Ct. 1070, 99 L.Ed.2d 230
(1988). Furthermore, exemption statutes are to be strictly construed against exemptions. Bert Smith Road Machinery Company,Inc. v. Oklahoma Tax Commission, 563 P.2d 641 (Okla. 1977).
¶ 4 Upon examination of the exemption currently at issue Attorney General Opinion No. 74-134 found that construing "farm machinery" to include only machinery that operates with a moveable part or parts is not supported by the language of the statute and is contrary to the intent of the Legislature. In addition, Attorney General Opinion No. 77-252 found that "farm machinery" encompassed, for exemption purposes, bailing wire and bailing twine. Finally, Attorney General Opinion No. 78-193 found that "farm machinery" exempted from taxation certain factory-manufactured grain storage facilities, building materials and specialized farm facilities.
¶ 5 In 1977 confusion existed with respect to the statutory definition of "farm machinery." For the express purpose of aiding the Oklahoma Tax Commission in the performance of its duties, the 36th Legislature passed a concurrent resolution defining that term for tax exemption purposes. House Concurrent Resolution No. 1017 provides as follows:
 The term "farm machinery" for the purpose of sales tax exemptions, as used in 68 O.S. 1305c of Oklahoma Statutes [the predecessor to 68 O.S. 1358], means any equipment which is sold as a single complete manufactured unit or as part of a system to be used directly on a farm or ranch in the production, feeding, cultivation, planting, sowing, harvesting, processing, spraying, preservation or irrigation of any livestock, poultry, agricultural or dairy products produced from such lands.
¶ 6 A concurrent resolution passed by a session of the Oklahoma Legislature is not signed by the Governor and therefore does not meet the criteria of becoming law. A.G. Opin. No. 69-200; Wardv. State, 56 P.2d 136 (Okla. 1936). Although it has no binding effect, a concurrent resolution is an expression of the interpretive opinion of that particular body. Id. In that sense it may be helpful for purposes of subsequent statutory construction.
¶ 7 Furthermore, during the 1989 session the Oklahoma Legislature amended section 1358 in H.B. No. 1327, 25, 1989 Okl. Sess. Laws, c. 249, p. 728. This amendment, signed by the Governor and made effective May 19, 1989, makes more specific the scope of the farm machinery exemption. The new language that was added by the amendment is:
 The exemption specified in this paragraph shall apply to such farm machinery, repair parts or fuel, oil, lubricants and other substances used by persons engaged in the business of custom production, cultivation, planting, sowing, harvesting, processing, spraying, preservation, or irrigation of any livestock, poultry, agricultural, or dairy products for farmers or ranchers.
¶ 8 In particular, this amendment exempts any and all farm machinery as long as it is used by persons in the farming business. The only requirement is that the machinery must be used only in farming or ranching operations.
¶ 9 As a result, the recent amendment has codified the already liberal interpretation of the term "farm machinery" historically applied by the Attorney General. Attorney General Opinion No. 78-193 found that the inclusion of questioned machinery "should be controlled primarily by the use for which it is purchased and not by the form of the item." The Legislature's amendment statutorily validates this interpretation. As the bed-lifting machine in issue is equipment purchased by a farmer for use in farming operations it is exempt as a "farm machine."
¶ 10 Having determined that the bed-lifting device is a "farm machine" the next issue is whether it becomes a "vehicle" when attached to one. There are no court cases determinative of this issue. However, the Tax Commission has adopted Tax Commission administrative rule number 13.013.18 (March 10, 1989), according to which bed-lifting devices (e.g., truck unloaders and bale loaders) are specifically classified as exempt farm machines. Rules and regulations enacted by administrative agencies pursuant to the powers delegated to them have the force and effect of law.Texas Oklahoma Express v. Sorenson, 652 P.2d 285 (Okla. 1982). The Tax Commission has been delegated the authority to promulgate rules or regulations such as the above-referenced rule. 68 O.S.203 (1981). As a result, rule number 13.013.18 has the force and effect of law and governs the instant issue.
¶ 11 It is, therefore, the official opinion of the AttorneyGeneral that a bed-lifting device purchased by a farmer to beused on a farm for farming purposes is classified as a farmmachine, and therefore exempt from sales tax pursuant to 68O.S. 1358 (1988), as amended.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
BRITA E. HAUGLAND ASSISTANT ATTORNEY GENERAL