Dear Representative Cozort,
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following questions:
1. Is a statute which designates that only a particularassociation is to provide the Governor, with a list of names,which must include only the names of members of that association,for the Governor to select individuals to serve on a public boardor commission, in violation of Article V, Section 51 of theOklahoma Constitution?
2. Is a statute which designates that only a particularassociation is to provide the Governor with a list of names,which may contain names of individuals other than members of thatassociation, for the Governor to select individuals to serve on apublic board or commission, in violation of Article V, Section 51of the Oklahoma Constitution?
3. What is the legal effect of a violation of Article V, Section51, of the Oklahoma Constitution, in the event that questions 1and 2 are answered in the affirmative?
¶ 1 Article V, Section 51 of the Oklahoma Constitution provides as follows:
 The Legislature shall pass no law granting to any association, corporation, or individual any exclusive rights, privileges, or immunities within this State.
¶ 2 The Supreme Court of Oklahoma has continuously held that legislative enactments are presumed valid and will be upheld unless clearly, palpably and plainly inconsistent with the Constitution. See, Kimery v. Public Service Company,622 P.2d 1066 (Okla. 1980), citing Matter of Daniel Deborah and LeslieH., 591 P.2d 1175 (Okla. 1979) and In re Napier, 532 P.2d 423
(Okla. 1975). Statutes should be construed whenever possible so as to uphold their constitutionality. See, City of Norman v.Liddell, 596 P.2d 879 (Okla. 1979). Therefore, the statutes which form the basis of your request must be deemed constitutional unless they clearly are violative of Article V, Section 51.
¶ 3 The word "privilege", is defined in Webster's 3rdInternational Dictionary (1981), p. 909, as a right or immunity granted as a peculiar benefit, advantage or favor. Black's LawDictionary (rev. 4th ed. 1968), p. 1361, defines the term "special privilege" as a right, power, franchise, immunity, or privilege granted to, or vested in, a person or class of persons to the exclusion of others, and in derogation of a common right.
 I.
¶ 4 Your first question asks whether a statute which designates one association to nominate individuals, all of whom must be members of that association, for selection by the Governor for a public board or commission, would violate Article V, Section 51
of the Oklahoma Constitution. The Oklahoma Supreme Court has described the constitutional values implicated by Article V, Section 51, and their meaning in several cases, although the Court has not yet addressed its application to the specific issues raised in your opinion request. The Court has stated that the prohibition against special privileges and immunities contained in Article V, Section 51, was intended to preserve equality between citizens, State v. Fletcher, 34 P.2d 595, 597
(Okla. 1934), who are similarly situated, Noble State Bank v.Haskell, 97 P. 590 (Okla. 1908). Where a statute touches upon the public health and welfare, the statute cannot be deemed unconstitutional class legislation, even though a specific class of persons or businesses is singled out, where the legislation in its impact is free of caprice and discrimination and is rationally related to the public good. Kimery v. Public Serviceof Oklahoma, 622 P.2d 1066 (Okla. 1980), quoting Lee Optical v.Williamson, 348 U.S. 483, 75 S.Ct. 461, 99 L.Ed. 563 (1955).
¶ 5 A statute which allows only members of the nominating association to be considered for appointment by the Governor could be found constitutional as long as the statute touches upon, in some manner, the health and welfare of the public. The statutory requirement of association membership is not unconstitutional as long as the classification is reasonable.Moose Lodge 1785 v. Cavaness, 563 P.2d 143, 147 (Okla. 1977). A reviewing court might well find a rational relationship between the Legislature's designation of an association and that association's impact upon the general health and welfare of the public. The public boards and commissions for which the designated associations nominate individuals regulate both the particular profession or occupation and the members of that profession or occupation. The Legislature could plausibly have found that the designated associations are sufficiently involved both with the profession which they represent and the public at large to promote the State's regulatory goals.
¶ 6 One state which has addressed the issue of whether a statute is in violation of the state's constitutional prohibition against the granting of an exclusive right or privilege is the State of Nebraska. The Nebraska Supreme Court has held that statutes similar to those about which you inquire do not violate constitutional prohibitions analogous to Article V, Section 51 when the primary purpose of the grant is not the private benefit of the grantees but the promotion of the public interest. See,State v. Knutson, 133 N.W.2d 577 (Neb. 1965), and also Wittlerv. Baumgartner, 144 N.W.2d 62 (Neb. 1966). We believe that Oklahoma's courts would reach the same result.
¶ 7 By requiring that the individuals nominated be members of the nominating association, such statutes may aid in ensuring that the most informed and professionally qualified individuals will be performing the duties required by each board or commission. The issue is not whether the foregoing conclusion is correct but whether it is one the Legislature could reasonably have entertained. Because it could be found that a statute which designates that only a particular association is to provide the Governor with a list of names, which must all be members of that association, for the Governor to select individuals to serve on a public board or commission, arguably touches upon the health and welfare of the public, we are unable to say that the statute in question would be found in violation of Article V, Section 51 of the Oklahoma Constitution.
 II.
¶ 8 The analysis outlined in Part I is also applicable to your second question which inquires whether a statute designating a specific association to provide the Governor with a list of names, which may contain names of individuals other than association members, from which the Governor may select individuals to serve on a public board or commission, violates Article V, Section 51 of the Oklahoma Constitution. Statutes that touch upon the health and welfare of the public would not be violative of Article V, Section 51 of the Oklahoma Constitution. Statutes which invoke the concerns expressed in your second question would not limit the selection of individuals to only members of that association. Any member of that profession or occupation represented by the association would have the opportunity to be selected by the association listed in the statutes.
¶ 9 Applying the rational relationship test to your second question, we are unable to conclude that a reviewing court would find that a statute which designates an association to submit names of individuals of the profession or occupation which that association represents, regardless of whether such individuals are members of the association or merely members of the profession itself, would be in violation of Article V, Section 51
of the Oklahoma Constitution.
 III.
¶ 10 Since the types of statutes addressed in questions one and two of your request are not in violation of Article V, Section51, of the Oklahoma Constitution, it is not necessary to address the effect of finding such statutes unconstitutional.
¶ 11 It is, therefore, the official opinion of the AttorneyGeneral that:
1. Statutes such as 59 O.S. 137 (1981); 59 O.S. 353.3, 59O.S. 353.4 (1981); 59 O.S. 1253 (1981); 10 O.S. 601.1(1989); and 74 O.S. 5002.3 (1989), which provide that only aparticular association is to provide the Governor with a list ofnames, which must include only members of that association, fromwhich the Governor appoints individuals to serve on a publicboard or commission do not violate Article V, Section 51 of theOklahoma Constitution.
2. Statutes such as 59 O.S. 482 (1981); 59 O.S. 567.4(1981); 59 O.S. 1354 (1981); 59 O.S. 1683 (1981); 59O.S. 1723 (1981); 59 O.S. 624 (1981); 59 O.S. 887.4(1981); 59 O.S. 1607 (1981); 6 O.S. 202 (1981); and43A O.S. 2-103 (1989), which provide that only a particularassociation is to provide the Governor with a list of names,which may include the names of individuals other than associationmembers, from which the Governor appoints individuals to serve ona public board or commission do not violate Article V, Section 51of the Oklahoma Constitution.
ROBERT H. HENRY ATTORNEY GENERAL OF OKLAHOMA
JULIE CORLEY ASSISTANT ATTORNEY GENERAL